BARBARA STUMPS, Appellant, *v.* SUSANNA KELLEY, who sues by her next friend, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

It is not necessary that there should be a guardian, or *prochein amy*, for a minor at the time of suing out process. If it were otherwise, the exception should be taken before pleading to the merits.

A similiter may be put to a plea, at any stage, by any party; and it is not error to proceed to trial without it.

A judge may of his own motion instruct the jury, and it may often be his duty to do so.

The practice of instructing a jury to find for the defendant, as in case of a non-suit, is not adopted in this State.

The evidence is for the jury, and in case of contrariety, the Supreme Court will not interfere, except under peculiar circumstances.

A party will be liable for injuries inflicted by a cow or other animal, if the viciousness of the animal is known to the owner; and case, not trespass, is the proper remedy.

THIS case is fully stated in the opinion of the court. The cause was heard before J. M. WILSON, Judge, and a jury, and there was a finding and judgment for $500.00. The defendant below appealed.

HOSMER & PECK, for Appellant.

J. C. WICKER, for Appellee.

WALKER, J. This was an action on the case brought in Cook County Court of Common Pleas to the September term, 1857, by appellee and against appellant. The first count of the declaration alleges, that appellant did, theretofore wrongfully and injuriously, keep a certain red and white cow, well knowing that the same was accustomed to hook, attack and push with her horns; that the cow did attack and push with her horns, the plaintiff, and greatly wounded, bruised and injured the shoulder and arm of the plaintiff, whereby she became sick, etc., for a long space of time, and was injured in consequence, in her health and constitution, and was prevented from pursuing her ordinary avocation, etc., and was put to great expense, etc., in being cured.

The second count is similar to the first, only it avers that defendant, knowing the vicious propensity of her cow, and that she was accustomed to hook mankind, did not restrain and confine her cow, but suffered her to run at large, and that the cow, on the eleventh day of August, 1857, attacked and hooked plaintiff, whereby she was greatly injured.

The defendant filed the plea of general issue, to which the similiter was added. At the November special term, 1857, the cause was tried by the court and a jury, and resulted in a verdict in favor of the plaintiff for $500.

The defendant moved the court for a new trial, which motion was overruled, and a judgment entered on the verdict against the defendant, from which she appeals to this court.

It is assigned for error, that the precipe for the summons was filed by an attorney and not by *prochein amy* or guardian. It is said in Archibald's Prac., vol. 2, p. 154, that in actions brought by infants that, " The process is the same as in ordinary cases, and may be sued out in the name of the infant before any *prochein amy* or guardian is appointed." It then appears to be unnecessary that there should be even a guardian or *prochein amy* for the minor at the time of suing out process, and that it is the same, and may issue as process in other cases. But even if it was irregular, which we by no means concede, it should have been taken advantage of, by plea in abatement or motion to quash, and was cured by pleading in bar. And that the similiter was added by attorney was not error. The defendant himself may add it to the general issue, and it is not error to proceed to trial without it. Where a plea properly concludes to the country, it is only form to add it, and it can make no difference by whom it is done.

Courts are created and established for the administration of justice, and all legal and proper means should be employed for the attainment of that end. And how it can be error for the

court to instruct the jury as to the law of the case, whether asked to do so or not, we are at a loss to conjecture. We have been referred to no authority that so holds, and we cannot imagine that such can exist. One of the very objects of having a judge is to instruct the jury on the law applicable to the case. Instead of its being error for the court on its own motion to instruct, where it seems to be required by the justice of the case, it is rather the duty of the judge to give such instructions. The instruction given by the court in this case, without being requested by either party, we think embraced the law as applicable to the case, and it is not denied that it does. And we have no hesitation in saying that so far from its being error, that the court acted in strict conformity with the duty imposed by the oath of the judge, and the requirements of the law.

There is no error perceived in refusing to instruct the jury to find for the defendant as in a case of non-suit. Such a practice has never obtained in this State, and this court has held that such a course is not sanctioned by our practice. Again, there was most certainly evidence tending to establish the plaintiff's demand, and whenever that is the case, however slight, it is a question solely for the jury and not for the court. To hold otherwise would be to usurp the right to try the facts in a case, by a court, when the right is vested in the parties, to have such questions determined by a jury.

It is also urged that the verdict of the jury is against the evidence, and therefore the court erred in not granting a new trial. That there was contrariety in the testimony, and that there may be doubt as to which way the weight inclines, is true. But that has never been held sufficient to disturb the finding of a jury. Before courts can interfere with their finding, it must appear to be clearly against the weight of the evidence, and such is not the case here, and we think it fully sustains the finding, and no error was committed by the court in refusing to set it aside.

The next assignment of error, is that the verdict is against the law of the case. It is a maxim of the law that every man may use his own in any manner he may choose, so that he does not thereby injure another. One person has no right, in the exercise of a trade or business, to endanger the life or health of another, nor by so doing to inflict an injury upon the person or property of another, while pursuing his lawful avocations. While appellant had the undoubted right to hold and enjoy the property, the appellee had the right to pass the public highway without being injured by the property of appellant. And appellant failing to restrain this animal, after knowing its propensity to hook persons, is liable for the injuries that may result to per-

sons by her running at large. "But if the ox were wont to push with his horns in time past, and it hath been testified to his owner, and he hath not kept him in, but that he hath killed a man or a woman, the ox shall be stoned and his owner shall be put to death." When it is thus commanded by the Great Jehovah, when he made his law known to man in the midst of thunders and lightnings, and the deep cloud that enveloped Sinai, attesting his visible presence, we have no right to disregard the principle of divine justice thus announced. The principle contained in this revelation, applies with its full force to a case only resulting in injury, and unquestionably requires, that it shall be compensated by payment of damages by the owner of the animal, to the person injured. By the law of the twelve tables, it was provided that "if a horse, apt to kick, should strike with his foot, or if an ox accustomed to gore, should wound any man with his horns, an action was given to the party injured." Cooper's Inst. 357. And by the common law, "the owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses, and oxen, is not liable for any injury committed by them to the person or personal property; unless it can be shown that he previously had notice of the animal's mischievous propensity, or that the injury was attributable to some other neglect on his part; it being in general necessary in an action for an injury committed by *such* animals, to allege and prove the scienter." 1 Chit. Pl. 82. But with the notice of the vicious propensity of the animal, the action must be case and not trespass. Thus it is seen that the principle of responsibility by an owner of an animal accustomed to commit injury to mankind, and knowing its vicious propensity, is imposed for all injuries it may inflict, and is recognized by the divine and the civil, as well as the common law. And in this case the scienter was averred and proved. The other errors assigned are already disposed of by the consideration of those discussed, and it is not deemed necessary to further notice them.

The judgment must be affirmed.

*Judgment affirmed.*