# JACOB KEIGHTLINGER

*v.*

# E. E. EGAN, by his next friend.

1. ANIMALS—*case for personal injury by dog.* The fact that the owner of a dog knew that it was of a savage and ferocious disposition, and allowed it to run at large, is not of itself sufficient to make the owner liable, in an action, to one bitten by such dog. The dog might have had such a disposition as to other animals, but not towards persons. To charge the owner, he must have had knowledge of the dog's propensity to bite mankind.

2. SAME—*instruction.* Where the court instructed the jury that if they believed, from the evidence, that the plaintiff was bitten by the defendant's dog, and that said dog was of a savage and ferocious disposition, and known by the defendant to be such at and before the time of such biting, they should find for the plaintiff, it was insisted the error, if any, in the instruction, was cured by the proof of the disposition of the dog towards persons: *Held,* that as the evidence was not thus confined, but proof was admitted of the dog's attacking a horse, and that the witnesses considered him a cross and unsafe dog, the instruction was erroneous.

3. SAME—*instruction as to damages.* In the same instruction, the court told the jury if they found for the plaintiff, they might find such damages as in their judgment, from the evidence in the cause, the plaintiff ought to recover: *Held,* that the instruction, in this respect, was erroneous, as it left the jury to their individual notions of right and wrong in their assessment of damages, unguided by any legal rule of damages, and without regard to the damages sustained.

4. SAME—*exemplary damages.* It seems that, in an action on the case against the owner of a dog, by one bitten by such dog, the owner not being present at the time of the injury, the plaintiff is not, as a matter of course, entitled to recover punitive damages. The damages should be such as the plaintiff sustained.

5. In a suit to recover damages from the owner of a dog which had bitten the plaintiff, the court instructed the jury that if the defendant kept the dog in question as a watch dog, and that as a watch dog, in the night time even, he was a dangerous and ferocious dog, and so known to be by the defendant, then it was the duty of the defendant to secure said dog, and not permit him to run at large: *Held,* that the instruction was calculated to mislead the jury as to the issue involved, and lead them to understand that the defendant might be liable in the action merely for a breach of duty in allowing the dog to run at large.

6. SAME—*where the plaintiff provoked dog to bite.* If a plaintiff wantonly irritates and aggravates a dog by kicking it, and the dog should bite him, in repelling the aggression, and not from a mischievous propensity, the plaintiff can not recover from the owner damages caused by his own wrong.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. CRAIG & HARVEY, for the appellant.

Mr. P. H. SANFORD and Mr. A. HAMMOND, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass on the case, to recover for personal injuries alleged to have been received by appellee from a dog owned by appellant.

The plaintiff below recovered, and the defendant appealed.

The court below instructed the jury, on behalf of the plaintiff, as follows:

"1. If the jury believe, from the evidence, that the plaintiff, Edwin E. Egan, was bitten by the defendant's dog, at the house of Milton Lawrence, on or about the 4th day of April, A. D. 1868, and that said dog was of savage and ferocious disposition, and known by the defendant to be such at and before the time of such biting, then the jury should find for the plaintiff such damages as in their judgment, from the evidence in this cause, the plaintiff ought to recover, not exceeding the sum of $3000.

"2. If the jury believe, from the evidence, that defendant kept the dog in question as a watch dog, and that as a watch dog, in the night time even, he was a dangerous and ferocious dog, and so known to be by the defendant, then the jury are instructed that it was the duty of the defendant to secure said dog, and not permit him to run at large."

And the court refused the following instruction asked by the defendant, to wit:

"The jury are instructed that if they believe, from the evidence, that the defendant's dog was irritated and aggravated to bite the plaintiff, by being kicked by the plaintiff, that a man can't take the advantage of his own wrong, and receive a damage for an injury received as the result of his own carelessness and recklessness; and if the jury believe, from the evidence, that defendant's dog bit the plaintiff, as the sole result of being kicked by plaintiff, and not from the fact of being a dangerous and savage animal naturally, they will find for the defendant."

The action of the court as to these instructions the appellant assigns as error.

The state of facts set out in the first instruction would not entitle the plaintiff to a recovery. The dog might have been of savage and ferocious disposition as respected other animals, and yet of a different disposition toward persons.

To charge the defendant, he must have had knowledge of the dog's propensity to do similar mischief—that is, to bite mankind, and not animals only.

Nor is it a sufficient answer to say that the instruction was harmless, as the evidence was in regard to the conduct and disposition of the dog toward persons. The evidence was not thus confined, there being testimony as to the dog attacking and biting the heels of a horse a witness was riding, and there being general evidence given by witnesses that they considered the dog a cross one, and not a safe one, without any limitation of the testimony as to persons.

The instruction respected a different cause of action from that set out in the declaration. The allegation therein was that the defendant kept a dog which he knew was accustomed to bite mankind, not that he kept one which he knew to be of savage and ferocious disposition. The instruction, in this

respect, should have conformed to the charge in the declaration.

The instruction was wrong, upon the point of damages, in telling the jury they might find for the plaintiff such damages as in their judgment, from the evidence in the cause, the plaintiff ought to recover. This left the jury free scope to give such damages as, according to their individual notions of right and wrong, they might think the plaintiff ought to recover, unguided by any legal rule of damages, and without regard to the damages sustained.

It was not a case, upon the evidence, for the giving of exemplary damages; yet the instruction left the jury at liberty to give any amount of punitive damages they might have thought the plaintiff ought to recover.

The plaintiff was entitled to recover only such damages as he had sustained, and not such as the jury might think he ought to recover.

The same objections, in part, are applicable to the second instruction; and it was, besides, calculated to mislead the jury as to the issue involved, and lead them to understand that the defendant might be liable in the action merely for a breach of duty in permitting the dog to run at large.

Both these instructions which were given we regard as erroneous.

We think, too, it was error to refuse the instruction asked on behalf of the defendant.

The supposed kicking of the dog did not appear to have been done for a justifiable purpose, the only evidence on the subject being an admission of the plaintiff, which was testified to, that he kicked the dog, and it bit him. If the plaintiff wantonly irritated and aggravated the dog, and the dog bit him, in repelling the aggression, and not from a mischievous propensity, which we understand to be the purport of the instruction, then the plaintiff should not be allowed to recover for damages caused by his own wrong.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*