JOHN W. MAREAU et al.

*v.*

THOMAS W. VANATTA et al.

1. ANIMALS—*owner's liability for injury by them.* The owner of domestic or other animals not naturally inclined to commit mischief, such as dogs, horses and oxen, is not liable for any injury committed by them to the person or personal property of another, unless it be shown such owner previously had notice of the animal's mischievous propensity, or that the injury is attributable to some other neglect on his part, it being, in general, necessary, in an action for an injury committed by such animals, to allege and prove a *scienter.*

2. SAME—*recovery for injury growing out of plaintiff's negligence or fault.* A party can not recover of the owner for an injury from such an animal if his own negligence contributed materially to it, or where the injury is wantonly provoked by his own wrongful act.

3. Where the plaintiff's sorrel stallion, while being exhibited on the street, some fifty or sixty feet from the defendant's black stallion, commenced backing

towards the black horse and kicking, and when he had come near, the latter horse turned and kicked him, breaking a leg, from which he died, and it appeared the defendant's horse was kind and manageable, or that the defendant had no knowledge of any vicious propensity, and that his horse was in the hands of a prudent keeper, while the sorrel horse was vicious, and was not properly managed by the person in charge of him, it was *held*, that the defendant was not liable for the injury.

APPEAL from the Circuit Court of McLean county.

Messrs. WILLIAMS, BURR & CAPEN, for the appellants.

Mr. H. G. REEVES, and Messrs. TIPTON & POLLOCK, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The law that governs a case of this character is plain and well understood. It may be stated in a few words. The owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses and oxen, is not liable for any injury committed by them to the person or personal property of another, unless it can be shown that he previously had notice of the animal's mischievous propensity, or that the injury was attributable to some other neglect on his part, it being, in general, necessary, in an action for an injury committed by such animals, to allege and prove the *scienter*. Chitty's Plead., vol. 1, p. 81. See, also, *Vroom* v. *Lawyer*, 13 Johns. 339. The rule of law, as announced by Chitty, was approved by this court in *Stumps* v. *Kelley*, 22 Ill. 140. We understand, too, that the party damaged can not recover, if his negligence contributed materially to the injury, as was said in *Keightlinger* v. *Egan*, 65 Ill. 235, which was an action to recover damages resulting from the bite of a dog. If the plaintiff wantonly irritated and aggravated the dog, and the dog bit him in repelling the aggression, and not from a mischievous propensity, which we understand to be the purport of the instruction, then the plaintiff should not be allowed to recover for damages caused by his own wrong.

The question presented by this record is, whether, under the evidence, tested by the rules announced, the plaintiffs were entitled to recover. The plaintiffs owned a sorrel stallion and the defendants a black one, which they were exhibiting on the streets of LeRoy, in McLean county. When the horses came within fifty or sixty feet of each other, the sorrel horse stopped, and commenced backing towards the black one, and, at the same time, commenced kicking. The black horse remained where he was standing, and when the sorrel reached him, he turned around and kicked the sorrel, and broke his leg, from which injury he died. It does not appear that the black horse was a vicious or dangerous animal on the streets; on the contrary, it was proven that he was kind, and had been driven on the streets with a single line. On one occasion, it was claimed, he had backed into a team and kicked, but the defendants deny, in express terms, any knowledge of this fact, if it be a fact. Nor does it appear that the defendants were guilty of any negligence or want of care in exhibiting their horse. He was in charge of a keeper, who, at the time, was riding him.

On the other hand, it is apparent, from the evidence, that the sorrel horse was a vicious animal, and difficult to manage. It was proven he had chased one of the plaintiffs out of the stable, and his keeper, on cross-examination, testified, during the five months he had kept the horse he had bitten him twice, and was very hard to ride. Again, when the accident occurred, the keeper of the sorrel horse did not observe that degree of caution and care which a prudent person should exercise to avoid the accident, but, on the other hand, his mismanagement of the horse tended to bring the two together. When the sorrel horse stopped and commenced to back, instead of using the whip and spur to compel him to advance, to use the language of the witness, all he did was to "jerk him." This, of course, hastened the speed of the horse backward, in the direction of the black horse, on the other side of the street.

But it is unnecessary to refer further to the testimony. We are satisfied, after a careful reading of all the evidence contained in the record, that the defendants' horse was not vicious or dangerous; that in the exhibition of their horse on the street, as they had the right to do, they were free from negligence that contributed to the injury, and we perceive no principle upon which they can be held liable. The loss the plaintiffs have sustained must be attributed to the mismanagement of a horse vicious and difficult to control, when brought near other horses of like character.

The judgment is so clearly in conflict with the evidence, that the circuit court erred in overruling a motion for a new trial, and upon this ground it will be reversed.

*Judgment reversed.*