MICHAEL BURKE

v.

CHARLES C. DALEY.

*Pleading—Negligence—Failure to Keep Fence in Repair—Injury to Horse—Bull.*

In an action to recover damages for an injury inflicted on plaintiff's horse by the bull of defendant, it is *held:* That the averment that by reason of the negligence and default of the defendant in failing to keep his part of a line fence in repair, the horse passed into defendant's pasture and was gored, was a sufficient averment that the results charged were caused by his negligence.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Jersey County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. THOMAS F. FERNS, for appellant.

Messrs. WILLIAM BROWN and W. S. HAY, for appellee.

CONGER, J. In this case a declaration was filed by appellant in substance alleging that appellant and appellee owned adjoining farms, and it was the duty of each to maintain one-half of the partition fence between the farms; that appellee

Burke v. Daley.

negligently permitted his half of the partition fence to so get out of repair that in consequence thereof appellant's horse escaped out of the pasture where he was feeding upon appellant's farm, into an adjoining pasture on appellee's farm, and was there gored and killed by appellee's bull which was running at large in appellee's pasture. A general demurrer was sustained to this declaration, and appellant, standing by his declaration, has brought the record to this court.

Counsel for appellee insist that the demurrer was properly sustained because there is no averment in the declaration that appellee had knowledge of the vicious propensity of his bull, and that before the owner of domestic animals such as horses, cattle, dogs, etc., can be made liable for injuries done by them it must be proven that he had notice of the inclination of the particular animal complained of, to commit such injuries, in all cases where the animals are rightfully in the place where they do the mischief. This may be a correct statement of the rule, but we do not think it meets the case at bar. The injury to appellant's property is in the declaration charged to have occurred primarily from the neglect of appellee to maintain his portion of the partition fence. The straying of appellant's horse into appellee's pasture and his being gored by the bull, are charged to be the results of such neglect. The rule in such cases is stated in 1 Chitty's Pl. 82, and is quoted and approved in Mareau v. Vanatta, 88 Ill. 132. It is as follows: "The owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses and oxen, is not liable for any injury committed by them to the person or personal property of another, unless it can be shown that he previously had notice of the animals' mischievous propensity, or that the injury was attributable to some other neglect on his part." See also Saxton v. Bacon, 31 Vt. 540. Whether appellee could have reasonably anticipated the result which flowed from his neglect to maintain the partition fence, or, in other words, whether the damages to appellant are the natural and proximate consequence of appellant's negligent act, is, we think, a question of fact for the jury. The court can not pronounce either way as a matter of law.

The declaration alleges in direct terms that by reason of the negligence and default of appellee, the horse passed into appellee's pasture and was gored. This, we think, is a sufficient averment that the results charged were caused by appellee's negligence, and the jury can determine from the evidence whether it is sustained or not.

The judgment of the Circuit Court will be reversed, and the cause remanded.

*Reversed and remanded.*