# CITY OF ABINGDON
## v.
# ANDREW J. MCGREW.

*Municipal Corporations—Negligence of—Defective Sidewalk—Personal Injuries—Evidence—Instructions—Intoxication of Plaintiff.*

1.  An instruction presenting a false issue should not be given.
2.  Nor one placing the burden of proof upon the wrong party.
3.  Nor one leaving the jury free to assess damages according to their individual notions, unguided by any rule of damages and without regard to the damages sustained.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, and C. E. CLEVELAND, for appellant.

Messrs. F. F. COOKE and A. M. BROWN, for appellee.

HARKER, J.   Appellee sued for injuries sustained in falling upon a defective sidewalk of appellant and recovered a judgment in the Circuit Court for $750.

At the instance of appellee the court gave to the jury the following instruction :

"No. 4.   For plaintiff you are further instructed that one defense herein relied upon is that plaintiff was so far intoxicated at the time of his injury that the law will not permit him to recover damages therefor.   On this point the court instructs you that because a man had been drinking, this fact alone does not necessarily prevent him from recovering damages or exempt the defendant from the payment thereof, if the defendant was guilty of negligence by reason of its defective sidewalk.   The law is under such circumstances that the

degree of intoxication must be to such an extent that the plaintiff was incapacitated to use ordinary care and diligence, and thereby received his injury. And upon this issue the burden of proof to establish by a preponderance of the evidence that such was plaintiff's condition, is upon the defendant. If, from the evidence, you shall believe defendant had a defective sidewalk, as defined in this instruction, and plaintiff, using due care and diligence in passing along the same, received the injury complained of, then your verdict must be for plaintiff for such damages as he sustained, not exceeding $5,000, and this, even though plaintiff had been drinking."

For two reasons this instruction is erroneous. In the first sentence the jury were presented with a false issue—whether the "plaintiff was so far intoxicated at the time of his injury that the law will not permit him to recover damages therefor." The intoxication of the plaintiff was not a legal defense, nor was it made a defense by the pleadings. To show that he was intoxicated at the time was proper, not only for the purpose of meeting the proof required of the plaintiff that he was in the exercise of ordinary care and diligence, but, inasmuch as he was a witness in his own behalf, for the purpose of showing that his condition of mind at the time of the accident was such that his testimony was unreliable. The other reason why the instruction is erroneous is that the jury were told that the degree of intoxication must be to such an extent that the plaintiff was incapacitated from using ordinary care and diligence and that the burden of proof to establish that by a preponderance of the evidence was with the defendant. The burden of proof was upon the plaintiff to show that at the time of the accident he was in the exercise of ordinary care. If the evidence was evenly balanced as to whether the plaintiff, owing to his drunken condition, was exercising ordinary care, there could be no recovery; not only does the instruction present a false issue, but it improperly places the burden of proof upon the defendant.

The fifth instruction given for appellee was faulty in that it left the jury free to assess damages according to their individual notions, unguided by any rule of damages and without

regard to the damages sustained.   It is even more pernicious than the instruction condemned by our Supreme Court in Keightlinger v. Egan, 65 Ill. 235.

There was no error in the court's refusal to allow the witness Cracraft to testify after the plaintiff had concluded his evidence in rebuttal.   That matter rested entirely within the discretion of the court.   Inasmuch as the case will be remanded for another trial, we refrain from a discussion of the evidence.

For the error of the court in giving the instructions above mentioned, the judgment will be reversed.

*Reversed and remanded.*