<hr />

## Axel Ahlstrand v. Arthur E. Bishop.

1. NEGLIGENCE—*Keeping Animals Known to be Vicious.*—The very keeping of an animal known to be vicious, likely to attack and injure men, is, of itself, such negligence as will render the keeper liable for injuries done by it.

2. DOGS—*Accustomed to Attack Mankind.*—Whoever, with knowledge of its dangerous propensities, keeps a dog accustomed to attack or bite mankind, is *prima facie* liable to an action for damages at the suit of any person attacked or injured, without proof of negligence or default in the securing or taking care of it. The gist of the action is the keeping the dog after knowledge of its mischievous disposition.

Ahlstrand v. Bishop.

3. Animals — *Dogs Accustomed to Attack Persons — Liability of Owner After Notice.*—When the owner is notified that his dog has been accustomed to attack persons, if he still keeps him, he becomes, from the time of such notice, responsible for all injuries the dog may thereafter commit, and the' fact that he endeavors to so keep him as to prevent the mischief will not protect him; but by keeping the dog he takes upon himself all risks.

4. Same—*Duty of the Owner, When Mischievous.*—The property in the animal raises the duty, on the part of the owner, to guard against its mischievous propensities, and failing in this, the law holds him answerable for its injurious acts, without regard to the degree of care bestowed in controlling it.    It is not a question of want of due care on the part of the owner.

5. Injuries—*By Vicious Animals—Gist of the Action.*—The gist of the action for an injury by a vicious animal is not the manner of keeping the vicious animal, but the keeping of it at all with knowledge of its vicious propensities.    In such case it is not necessary to prove a want of care in methods of stabling or fastening it.

Action for Damages, by being bitten by a dog. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed April 9, 1900.

Statement.—Appellee brought this suit to recover damages received by being bitten by a dog owned by and in possession of appellant.    The dog was vicious and this fact was known to both appellant and appellee.    The dog was kept upon a chain in the yard of appellant.    Appellee had occasion to visit these premises for the purpose of delivering merchandise sold by his employer to appellant.    There was evidence to show that appellee had been warned not to enter the premises without calling some one to hold the dog.    There was also evidence to show that upon the occasion in question he did call an employe of appellant for that purpose, and that such employe, after watching the dog for a time, left him, and that a son of appellant then undertook to hold the dog.    While the latter was either trying to perform or neglecting to perform this duty, the dog reached appellee and bit him.    The son of appellant was not in his employ.

There was a conflict in the evidence as to some of these facts, but the evidence was sufficient to establish them as above set forth.

The declaration alleged the keeping of the dog, knowing him to be vicious, the lawful presence of appellee upon the premises and the injury. One count alleged that the dog was negligently permitted to run at large.

Upon general issue, the cause was submitted to a jury.

The court gave the following instruction to the jury:

" If the jury believe from the evidence in this case that the defendant, Axel Ahlstrand, was in the possession of a savage and ferocious dog on the 2d day of August, A. D. 1897, and that the defendant then and prior thereto had knowledge that said dog was savage and ferocious and accustomed to attack and bite mankind, and if the jury further believe from the evidence that the plaintiff was at the time aforesaid on the premises of the defendant delivering merchandise there, and was then and there in the exercise of ordinary and due care for his own safety, and if the jury further believe from the evidence that such dog then and there savagely and ferociously attacked the plaintiff and inflicted upon him the injury in manner and form as set out in plaintiff's declaration, or any count thereof, then the jury will find the defendant guilty."

The trial resulted in verdict and judgment for appellee, from which judgment this appeal is prosecuted.

CARPENTER BROS., attorneys for appellant.

C. C. MARCH and J. B. LIGHT, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

There is no evidence to sustain the allegation of the *narr.* that appellant negligently permitted the dog to run at large, or, as expressed in the declaration, " to go unrestrained," whereby, etc., for the evidence establishes that the dog was kept upon a chain in appellant's yard. The case went to the jury upon those counts which alleged only that appellant kept a dog known to be vicious; that appellee was lawfully upon the premises, without negligence upon his part, and was attacked and injured by the dog.

If it were necessary to allege and establish by evidence

Ahlstrand v. Bishop.

some negligence in the manner of securing the dog, in order to hold appellant liable, the case here would be deficient. But the law is that the very keeping of an animal known to be vicious and likely to attack and injure men, is of itself such negligence as will render the one keeping such animal liable for injury done by it. Hammond v. Melton, 42 Ill. App. 186; 1 Hilliard on Torts (4th Ed.), p. 593; 1 Addison on Torts (Wood's Ed.), p. 283; Cooley on Torts (2nd Ed.), p. 404.

Judge Cooley says:

" When the owner is notified that his dog has been accustomed * * * to attack persons, if he still keeps him, he becomes, from the time of such notice, responsible for all injuries of the sort he may thereafter commit, and the fact that he endeavors to so keep the dog as to prevent the mischief will not protect him, but by keeping him he will take upon himself all risks."

Addison puts the rule as follows :

" Whoever keeps an animal accustomed to attack or bite mankind, with knowledge of its dangerous propensities, is *prima facie* liable to an action for damages at the suit of any person attacked or injured by the animal, without proof of any negligence or default in the securing or taking care of it. The gist of the action is the keeping the animal after knowledge of its mischievous disposition."

And Hilliard says :

" The property in the animal raises the duty, on the part of the owner, to guard against the mischievous propensities, and failing in this, it holds him answerable for its injurious acts, without regard to the degree of care bestowed in controlling it. * * * It is not a question of want of due care on the part of the owner."

In Hammond v. Melton, *supra*, the court, speaking through Mr. Justice Cartwright, said :

" The gist of the action is not the manner of keeping the vicious animal but the keeping him at all with knowledge of its vicious propensity. * * · * In such case it is not necessary to prove a want of care in methods of stabling or fastening." Citing Stumps v. Kelley, 22 Ill. 140; Flansburg v. Basin, 3 Ill. App. 531; Wood on Nuisances, Sec. 759; and the authorities above quoted.

The vicious disposition of the dog, the *scienter*, and the injury, being established without contradiction, it only remained to submit to the jury the question of any lack of due care upon the part of appellee. The evidence, though conflicting, was sufficient to warrant the jury in finding that he was not guilty of any contributory negligence. Appellee might well have relied upon the presence of the employe, and afterward of the son, of appellant, to protect him from injury while performing his duty. He had only been warned against entering the premises when no one was present to attend to the dog.

There is no error in procedure warranting a reversal.

Upon all the evidence we can not say that the amount of the judgment is excessive.

The judgment is affirmed.