## John A. Ward v. George J. Danzeizen, et al.

1. DECLARATION—*averment of duty in.*  It is not sufficient to aver that it was the defendants' duty to perform the act alleged to have been neglected.    The facts and circumstances from which the law implies such duty must be alleged.

2. DOMESTIC ANIMALS—*scienter essential to liability for acts of.*  A person owning or using a domesticated animal is not liable for an injury committed by it, unless such person had notice of the vicious propensity of the animal.

3. DOMESTIC ANIMALS—*declaration in action for injuries occasioned by.*  A declaration seeking recovery for personal injuries occasioned by a domestic animal must aver not only scienter but also that the animal possessed the particular dangerous habit which caused the injury.

4. PLEADINGS—*how construed.*  Pleadings are to be construed most strongly against the pleader.

5. DUE CARE—*allegation of.*  An allegation of due care must be broad enough to cover the entire transaction which forms the subject-matter of the accident.

Action on the case for personal injuries.    Error to the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding.    Heard in this court at the May term, 1903.    Affirmed.    Opinion filed November 9, 1903.

MARSHALL C. GRIFFIN and C. C. LEFORGEE, for plaintiff in error.

I. A. BUCKINGHAM, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Plaintiff filed his original declaration consisting of one

count, attempting thereby to charge defendants with liability for an alleged injury resulting from the kick of a horse which he was driving in a delivery wagon while in the employ of the defendants. A demurrer was interposed and sustained. Leave was given to amend the declaration. Subsequently, and without amending, plaintiff, by leave, filed two additional counts. To these, defendants filed a plea of general issue. Subsequently, plaintiff, by leave, filed another additional count. To this last additional count the court sustained a general demurrer. Whereupon the plaintiff withdrew all counts in his declaration except the last additional count to which the court had already sustained a demurrer, and the defendants withdrew their pleas to the first two additional counts. The court thereupon rendered judgment against plaintiff for costs.

The additional count is as follows:

"And now comes the plaintiff by Marshall C. Griffin and C. C. LeForgee, his attorneys, and by leave of court first had and obtained, files this an additional count to the declaration in the above entitled cause, and wherein he, the plaintiff, complains that whereas, before and at the time of the committing of the grievances hereinafter mentioned, the defendants were the owners and possessors of a certain market situate and being in the City of Decatur, from which they, the said defendants, sold and delivered certain meats and merchandise to their various customers then and there situate and living in the City of Decatur, County of Macon and State of Illinois, by means of certain wagons drawn by certain horses then and there possessed by the said defendants. · That they, the said defendants, caused certain of their horses to be turned out into a common pasture with certain other horses owned by numerous and divers persons, which said horses so owned by said persons as aforesaid, were wild, vicious and kicking animals. That the defendants from time to time took up their horses so running in said pasture as aforesaid and used them in said delivery wagons for the delivery of meats and merchandise as aforesaid. That the plaintiff was then and there in the employ of the defendants as a driver of said delivery wagons, so operated and used by the defendants as aforesaid, using in the performance of his duties such horses as were furnished to him from the said pasture as

aforesaid; and it became and was the duty of the defendants, as aforesaid, in taking said horses from said pasture, to get their own horses well known to the plaintiff to be safe and well adapted to the work and labor to be by him, the said plaintiff, performed in the discharge of his duties as aforesaid. Yet the said defendants, not regarding their duty in this behalf, then and there carelessly and negligently took from the said pasture a certain unsafe, vicious and dangerous horse, owned by one Robert McKay, and falsely represented to plaintiff that the said horse was a certain horse owned by the defendants, and directed the plaintiff to hitch the said horse to their said wagon, and deliver goods with the said horse; and then plaintiff then and there relying upon the statements so made by the defendants, and acting with due care and caution for his own safety, hitched the said horse so furnished as aforesaid to the said wagon, and while so driving said horse in the discharge of his duties, the said horse kicked the said plaintiff upon the arm, breaking the bones of his arms, and permanently injuring him, to the damage of the plaintiff of five thousand dollars, and therefore he brings suit, etc."

The only question presented by the record for our determination is whether the foregoing count states a cause of action. If it does, the judgment must be reversed; if it does not, the judgment must be affirmed.

A general averment that it was the defendants' duty to do the thing alleged to have been omitted is not sufficient. The facts or circumstances from which the law will imply the duty should be stated. 14 Enc. Pl. & Pr. 332; and Note 2, Funk v. Piper, 50 Ill. App. 163; Zjednoczenie v. Sadecki, 41 Ill. App. 331; Gibson v. Leonard, 37 Ill. 339; Chicago Consolidated Bottling Co. v. Mitton, 41 Ill. App. 156.

The owner of domesticated animals is not liable for injuries done by them, unless he is proved to have had notice of the inclination of the particular animal complained of to commit such injuries, there being no presumption that animals of that species are vicious or dangerous. Mareau v. Vannatta, 88 Ill. 132; West Chicago Street R. R. Co. v. Walch, 78 Ill. App. 599; Morse v. Pardridge, 9 Ill. App. 490; Stumps v. Kelley, 23 Ill. 141; Hammond v. Melton, 42 Ill. App. 187; Wormley v. Gregg, 65 Ill. 251; Ahlstrand v.

Bishop, 88 Ill. App. 424. There is no allegation in the declaration that the defendants knew the horse had any vicious habit. It is immaterial whether the title to the horse was in McKay or the defendants. Had the defendants hired the horse from McKay to be driven in their delivery wagon the same rule of law would apply. The test is, did they know the horse was accustomed to kick? There is no allegation that they did. The declaration alleges that the defendants " carelessly and negligently took from the said pasture a certain unsafe, vicious and dangerous horse, owned by Robert McKay, and falsely represented to plaintiff that the said horse was a certain horse owned by the defendants." As we have observed, the misstatement of ownership is material. In addition to the essential allegation of scienter, to state a case, it was necessary to allege that the horse possessed the specific dangerous habit which caused the injury—in this case that the horse was accustomed to kick. Keightlinger v. Egan, 65 Ill. 235; Fritsche v. Clemow, 109 Ill. App. 355. There is no such allegation to be found in the declaration. Pleadings are to be construed most strongly against the pleader. The horse might have been " unsafe, vicious and dangerous " without possessing any propensity to kick. It might have been unsafe from a propensity to run away. It might have been vicious from a propensity to bite. It might have been dangerous from a propensity to shy at objects in the highway or from being frightened by the cars.

Moreover the declaration fails to allege that the plaintiff was in the exercise of due care and caution for his own safety except when he was hitching the horse to the wagon. The kicking occurred later, and at that time there is no allegation of care on the part of plaintiff. For what appears in the declaration, the plaintiff's negligence might have been the cause of the horse kicking. We conclude the additional count did not state a cause of action and the judgment of the Circuit Court must be affirmed.

*Affirmed.*