### C. A. Swanson v. Levi Miller.

1. VICIOUS ANIMAL—*what essential to recover for injuries resulting from.* In order to recover for injuries resulting from a vicious animal, it is essential that there be evidence of knowledge upon the part of the person sought to be held liable, of the habit or propensity of the animal alleged to have occasioned the injury, to do the thing which occasioned such injury.

Action in case for personal injuries. Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

SCHNEIDER & SCHNEIDER, for appellant.

CLOUD & THOMPSON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellant, against appellee, to recover damages for injuries resulting to appellant in a runaway alleged to have been occasioned by a certain dog owned and harbored by appellee, attacking and biting a horse which appellant was driving. There was a verdict of not guilty and judgment against appellant for costs.

The declaration contains four counts. The first count charges appellee with keeping a dog, well knowing that said dog was used and accustomed to attack and bite mankind, and attack and bite horses driven

along the public highway and cause such horses to run away, or attempt to run away, and that said dog did attack, run after, bark at, and bite appellant's horse causing it to run away. The second and third counts are substantially the same, except that it is charged that the dog was in the habit of running from the premises of appellee to the public highway, and attack, run after, bark at and bite horses driven along the public highway. The fourth or additional count charges that the appellee wrongfully and injuriously did harbor a certain dog, knowing that said dog was then and there accustomed to attack and attempt to bite horses driven along the public highway, and was accustomed to run after and bark at horses so driven, and cause said horses to run away or attempt to run away, and that said dog did afterwards there attack, bark at, run after and attempt to bite a certain horse driven by appellant, causing said horse to run away, thereby injuring appellant.

The grounds for reversal of the judgment urged by appellant are that the court improperly struck from the record the evidence of the witness Willits; that the court gave improper instructions to the jury and improperly modified instructions asked by appellant; and that the verdict is against the manifest weight of the evidence.

There is evidence tending to show that upon several occasions, prior to the one when appellant sustained his injury, a small dog came out of the farm yard of appellee when persons were driving on the public highway, and ran after and barked at the horses, and in some instances that the dog appeared to bite or attempted to bite the horses, but apart from the evidence of one Willits, called as a witness by appellant, there is no evidence in the record that appellee had any knowledge of the disposition of the habit of the dog, to attack, run after, bark at or bite mankind or horses, nor is there any evidence that

appellee had any knowledge that the dog had caused horses to run away.

The witness Willits testified that as he was passing the farm of appellee, riding upon his bicycle, he met appellee on the highway driving his cows; that the dog came out after him, within a distance of 25 feet, barking and howling; that witness jumped off his bicycle and appellee said, "The dog will not harm you." Willits further testified that he passed appellee's place upon two other occasions, and that the dog came out in the road, but did not bother him; that when he went by and the dog was near the road the dog barked. Upon motion of appellee the testimony of the witness Willits was stricken from the record.

In this class of actions it is essential that there be evidence of knowledge, on the part of the person sought to be held liable, of the habit or propensity of the animal alleged to have occasioned the injury, to do the thing which occasioned such injury. Keightlinger v. Egan, 65 Ill. 235; Ward v. Danzeizen, 111 Ill. App. 163.

The owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses and oxen, is not liable for an injury committed by them to person or property, unless it can be shown that he previously had notice of the animal's mischievous propensity or that the injury was attributable to some other neglect on his part; it being in general necessary in an action for an injury committed by such animals to allege and prove the scienter. Mareau v. Vanatta, 88 Ill. 132.

Mere knowledge on the part of appellee that his dog ran after and barked at a bicycle, or a person riding a bicycle, was not sufficient to charge him with knowledge that the dog had a propensity to attack, bark at, run after and bite or attempt to bite horses on the highway.

In striking out the testimony of the witness Willits

the court did not, therefore, commit prejudicial errors.

The instructions given by the court upon its own motion, and those given at the request of appellee, and the court's modification of appellant's instructions, are not free from criticism, but as no verdict other than the one returned could have been permitted to stand under the evidence, this court will not reverse the judgment for the errors assigned in that regard.

The judgment is affirmed.

*Affirmed.*