## Arthur E. Field, Appellant, v. A. F. Morrison, Appellee.

### Gen. No. 5,021.

ANIMALS—*what essential to fasten liability for injuries received from.* In order to recover for injuries received from an alleged vicious animal, it must appear that the defendant knew that such animal had attacked or had bitten mankind, or else it must appear that the defendant had knowledge of the propensities of such animal in that respect.

Action on the case. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

W. C. GRAVES and OWEN ANDERSON, for appellant.

A. C. NORTON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant, a traveling man, was at a village in Livingston county, and there at a livery stable hired a horse and buggy for the purpose of going fishing. He took with him one J. M. Syphers, a merchant. As they drove along a highway past the farm of appellee another buggy was behind them containing four other men who were on a like errand. Syphers was driving in the front buggy. The horse ran away and appellant was thrown out and seriously injured. He attributed the accident to the conduct of a dog owned by appellee, and sued appellee to recover damages for his injuries, and at the close of plaintiff's proofs at the trial the court directed a verdict for appellee, which was rendered. A motion for a new trial was denied, appellee had judgment, and appellant prosecutes this appeal.

The horse in question had run away on a previous occasion and was spirited and nervous. Its owner, the livery stable keeper, was not accustomed to let the animal to every one who wished to hire a horse, but only to those whom he thought capable of controlling it. He was accustomed to warn persons to whom he let the horse. He did not warn appellant. Appellant knew that the horse was a runner, and the livery stable keeper told him (perhaps in irony) he was sorry to let him have so slow a horse. As Syphers, with appellant in the buggy, drove by appellee's farm and front gate, appellee came out of the gate with a bucket upon his arm, apparently upon some business connected with his farm, and accompanied by a large shepherd dog. Syphers had a small dog which was running along with the buggy. The witnesses for appellant differ as to whether the small dog was ahead of the horse or behind the buggy or beside the horse. When the shepherd dog saw the little dog he ran up to him, and the little dog faced around towards the large dog. One or two witnesses said the large dog barked or growled. The other witnesses for appellant did not hear any

barking or growling. Appellant testified that the large dog took hold of the small dog by the back of the neck. All the witnesses agree that the dogs did not fight. Appellant testified that it seemed to him as if the dogs got about under the horse. All his other witnesses testified that the dogs were at the side of the horse and from two to four feet from him. The dogs did not molest or notice the horse in any way and evidently did nothing more than any two dogs might on meeting, that did not fight or quarrel with each other. The horse kicked at the dogs and did not hit them, but he broke the shaft or thill of the buggy on that side. The sharp point of the broken thill projected against the horse's side. Appellant caught the lines out of Syphers' hands and pulled strongly upon them. This caused the sharp point of the thill to stick into the side of the horse. Syphers protested against appellant pulling on the lines, but he kept on pulling. The horse was frightened and kicked savagely and kicked Syphers twice on the knees. The horse ran away and appellant either jumped out or was thrown out, and was severely injured. Appellant's witnesses testified that when they had driven by appellee's farm on former occasions, if they were accompanied by a dog appellee's dog was accustomed to run out and bark at the other dog and then go back, and that if they went by unaccompanied by a dog, appellee's dog did not run out and bark. Appellant testified that he had driven by there on two or three former occasions when the dog ran out and barked, though he had no dog with him. There was no proof that the dog had ever on any such occasion fought with another dog on the highway or that he had ever attacked man or beast. This dog made no attack on the horse on this occasion.

In Mareau v. Vanatta, 88 Ill. 132, the law governing this case is thus stated: "The owner of domestic or other animals not naturally inclined to commit mischief, as dogs, horses and oxen, is not liable for any injury committed by them to the person or personal

property of another, unless it can be shown that he previously had notice of the animal's mischievous propensity, or that the injury was attributable to some other neglect on his part, it being, in general, necessary, in an action for an injury committed by such animals, to allege and prove the scienter.'' Cases of this character seldom reach the Supreme Court since the organization of the Appellate Courts, but the same rule has been announced and applied to the varying facts of different cases in the following, among other cases in the Appellate Courts, including this court: Moss v. Pardridge, 9 Ill. App. 490; West Chicago St. Ry. Co. v. Walsh, 78 Ill. App. 595; Fritsche v. Clemow, 109 Ill. App. 355; Feldman v. Sellig, 110 Ill. App. 130; Ward v. Danzeizen, 111 Ill. App. 163; Swanson v. Miller, 130 Ill. App. 208.

Under these authorities it is obvious that the proof introduced by appellant did not tend to show a cause of action against appellee. It was not shown that appellee's dog was accustomed to bite mankind or to attack other animals. If he did take hold of the little dog by the back of the neck on this occasion, that conduct seems to have been playful rather than vicious, and if it was vicious, then the dog is not shown to have made any such attack before. Neither the vicious character of the dog nor the scienter is proven. Where the evidence does not tend to make a case for the plaintiff, or where proof of some material allegation necessary to a recovery is wholly lacking, it is the duty of the court to direct a verdict for the defendant. The court did not err in directing this verdict.

The judgment is therefore affirmed.

*Affirmed.*