## Robert R. Thomplson, Appellee, v. Kate Andrews, Appellant.

1. INSTRUCTION—*basis on evidence as essential.* In an action to recover damages alleged to have been caused by an attack by defendant's dog, in the absence of evidence tending to show that the dog had ever previously attacked or bitten any person, it is reversible error to give, at plaintiff's request, an instruction that if defendant knew a dog was vicious and accustomed to bite mankind but harbored it without proper restraint, defendant was liable for damages to the plaintiff bitten without negligence on his part.

2. ANIMALS—*inadmissibility of evidence as to previous complaints as to viciousness.* In an action to recover damages alleged to have been caused by an attack on plaintiff by defendant's dog, evidence of members of the village board that complaints had been made to the board of the dog's vicious character and of the president of the board that the board had taken some action as to the dog and that he had instructed the clerk to send the defendant a notice is inadmissible, in the absence of any evidence of the nature of the complaints or that the notice was sent to defendant.

3. INSTRUCTIONS—*basis in evidence as essential.* In an action to recover for damages alleged to have been caused by defendant's dog, in the absence of any evidence that complaints about the dangerous nature of defendant's dog as made to the village board were communicated to her, the court's instruction that the jury should disregard evidence of such complaints ''unless you believe from the evidence such complaints were communicated to the defendant'' is erroneous.

4. ARGUMENT OF COUNSEL—*impropriety of reference to defendant's wealth.* A statement to the jury by plaintiff's attorney in his opening that defendant was a wealthy woman was improper where, under the evidence, the jury had no right to award exemplary damages against defendant.

Appeal by plaintiff from the Circuit Court of Fayette county; the Hon. Wm. B. Wright, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed February 19, 1927.

Preihs & Preihs, for appellant.

Matheny & Welker, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee filed a declaration consisting of two counts. The record shows that a demurrer was sustained to both counts and appellee was given leave to amend each count of his declaration and to file an additional count. Appellant states in her abstract that no amendment was made to the first or second count, but that a third count was filed. Appellee states in his brief and argument that the second count was amended and that a demurrer was interposed to that count as amended and the same was overruled. We find nothing in the record to indicate that appellee was granted leave to amend that count on its face, nor is there anything to show that this original count was in any way amended.

The third or additional count charged appellant with keeping a dog known to her to be fierce and ferocious and accustomed to attack and bite mankind; that on September 25, 1924, the dog attacked and bit appellee's hand and leg, by reason whereof he became sick, sore, lame and disordered; that he suffered great pain and was prevented from transacting any business; that he was put to great expense, to wit: $500, in endeavoring to be cured of his injuries, etc. In the second count the scienter is alleged as follows: "The defendant then and there well knowing the said dog was of a fierce, ferocious and mischievous and dangerous nature, and that said dog had a tendency to attack

and bite mankind, and that it was dangerous and improper to allow said dog to go unconfined and not properly secured  *  *  *." The trial resulted in a verdict and judgment for $866.57.

The state of the record is such that we are in grave doubt as to whether the second count to which a demurrer was sustained was ever amended. But conceding that it was amended it is quite apparent that appellee, by his instructions, sought and recovered under the third count. The only instruction requested by appellee as to what it was necessary for him to prove in order to recover reads as follows: "The court instructs you that it is not necessary that it be shown that the defendant was the lawful owner of the dog in question; but if defendant kept and harbored said dog, knowing that said dog was of a vicious nature and before the injuries complained of was and had been accustomed to attack and bite mankind, then, in such case it became and was the duty of the defendant properly to restrain said dog; and if, because of her failure so to do, the plaintiff, without negligence or fault on his part, was attacked and bitten by said dog, then defendant would be liable for all damages occasioned because of such attack."

That instruction was clearly based upon the third or additional count and made no reference whatever to the second count. There was no evidence tending to show that this dog had ever attacked and bitten any person. The instruction was not based upon any evidence in the case. If the case were tried solely upon the third or additional count the judgment would have to be reversed. *Fritsche v. Clemow,* 109 Ill. App. 355; *Warrick v. Farley,* 95 Neb. 565, 145 N. W. 1020.

In the *Fritsche* case, *supra,* the declaration averred that the defendant kept a dog of a ferocious and malicious disposition, well knowing that said dog was accustomed to attack and bite mankind. Because of the fact that the scienter charged in that case did not

include the ferocious and malicious disposition of the dog appellee claims the case differs from the one at bar. It is true that the third count in this case charges that appellant well knew that the dog was a fierce and ferocious one, and was accustomed to attack and bite mankind. We think there is no basis for drawing the distinction sought to be made by appellee. An averment that the defendant kept a dog which he well knew to be fierce and ferocious would not state a cause of action. The scienter must refer to the particular propensity of the dog which brought about the injury. A dog may be fierce and ferocious as to other dogs or animals but not so with reference to mankind.

Assuming that the case was tried upon the second count of the declaration as well as the third, we are of the opinion that the giving of the instruction above quoted was reversible error. There was no evidence upon which to base it. An instruction which tells the jury that if a certain fact exists virtually tells them that there is evidence from which they can find that fact, and if there is no such evidence, the instruction is calculated to mislead the jury, and is erroneous. *Indianapolis & St. L. R. Co. v. Miller*, 71 Ill. 463. In addition to that the instruction did not require the jury to find the facts from the evidence.

Appellee called the president of the village board of trustees and three of the trustees or aldermen. The court permitted all of these witnesses to testify over objections of appellant. One of them testified that complaints came to the village board about this dog, another that complaints came to the said board from citizens of Ramsey as to the vicious character of this dog and that the board ordered its clerk to give appellant notice, another that a complaint reached the board of the character of the dog. The president of the board was permitted to testify that some action was taken by the board relative to this dog and that he instructed the clerk to send appellant a notice.

We are of the opinion that all of this testimony was incompetent and highly prejudicial. It was all objected to and motions made to strike it out. Appellee did not even undertake to show the character of the complaints against the dog, nor was there any proof that any notice whatever was sent to appellant by the said board or its clerk. Any notice given to appellant that would be pertinent to the issues in the case would be admissible, but we know of no law that would authorize the admission of the testimony above referred to.

Appellant also requested the court to instruct the jury to entirely disregard all the evidence showing that complaints had been made to the village board in regard to the dog. This instruction was modified by adding the words, "unless you believe from the evidence such complaints were communicated to the defendant." There is no evidence in the record that such complaints were communicated to appellant and the evidence should have been excluded. In the opening statement of the case before the jury, one of the attorneys for appellee stated that appellant is a woman possessed of a large amount of property. Appellant objected to the statement, but the court made no ruling, and an exception was taken to the refusal of the court to rule thereon. Appellee suggests that the statement was proper because it is a case where the jury were at liberty to award exemplary damages and that in such cases the financial condition of the defendant may be shown. Under the evidence in this case, we are of the opinion that the allowance of exemplary damages would not be proper. *Keightlinger v. Egan,* 65 Ill. 235.

Appellant contends that the court erred in refusing several of her instructions. She presented and requested the giving of 23 instructions. The number was entirely too large for a case of this kind. The court gave four of them in the form they were pre-

sented, and gave four others as modified, and refused fifteen. If the case was tried solely on the third, or additional count, appellant's fourteenth instruction should have been given, but if the second count of the declaration was still in the case the instruction was properly refused. For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*