# Sarah Mabrey, Appellee, v. Amos Haverstick, Appellant.

## Gen. No. 5,646.

1. Negligence—*dog frightening team.* In an action for injuries sustained when a team alleged to have been frightened by defendant's dog crashed into plaintiff's buggy, plaintiff must establish by the preponderance of the evidence that defendant's negligence in keeping the dog as charged was the proximate cause of the injury, and it must be proved that defendant was the owner and possessor of the dog with knowledge of its vicious propensities of frightening teams or circumstances which reasonably show that defendant must have had knowledge of such viciousness established.

2. Witnesses—*effect of making defendant a witness for plaintiff.* When plaintiff makes defendant his witness he is in a bad position to argue that defendant's testimony cannot be relied on.

3. Animals—*liability for vicious dog.* A verdict for personal injuries caused by alleged negligence of defendant in owning and keeping a vicious dog, with knowledge of his propensity to frighten teams along the highway, which dog frightened a team driven with due care and such team ran into plaintiff's buggy and injured her, cannot be sustained when the evidence is insufficient to show that defendant had knowledge of such propensity and it must be concluded from the evidence that the driver of the team which ran into plaintiff's buggy was negligent in the manner in which he drove.

4. Evidence—*statements of plaintiff in pleadings filed in previous cases admissible.* On action for personal injuries sustained when a team, alleged to have been driven with due care, crashed into plaintiff's buggy when frightened by an alleged vicious dog kept and owned by defendant, with knowledge of such vicious propensity to frighten teams along the highway, it is error to exclude a declaration filed in an action against defendant and the driver of such team and the original declaration in the action at bar in which it was alleged that such driver negligently drove a team of colts with his left hand and led another team with his right hand.

Action in case for personal injuries. Appeal from the Circuit Court of Whiteside county; the Hon. Emery C. Graves, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

CARL E. SHELDON, for appellant.

N. G. VAN SANT and HARRY H. WAITE, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This is an action on the case brought by appellee against appellant to recover damages for injuries sustained by appellee having been thrown from a buggy in which she was riding with her daughter on the public highway, opposite appellant's farmhouse by reason of appellant's negligence.

The negligence complained of is that appellant was the owner of and kept a vicious dog, well knowing the dog's vicious propensity to frighten, annoy and bite horses, and viciously attack, pursue, bite and frighten horses and teams traveling and being driven along the public highway, and that this dog ran out of appellant's yard, and frightened the team of one Albert Scott, while said Scott was using due care in the driving thereof, thereby causing said team to crash into and destroy the buggy in which appellee was riding, throwing appellee out, and causing the injuries now complained of. The trial resulted in a verdict and judgment for appellee for $500, and the case comes to this court on appeal.

To enable appellee to recover, it was necessary for her to establish by a preponderance of the evidence that the negligence of appellant, charged in the declaration, was the proximate cause of the injury; and in establishing such negligence, it was necessary for her to prove that appellant was the owner and possessor of the dog, with knowledge of its vicious propensities of barking at and frightening teams passing along the highway; or to prove circumstances from which it must appear to all reasonable persons, that appellant must have had knowledge of such vicious propensities. Keightlinger v. Egan, 65 Ill. 235; Mareau v. Vanatta, 88 Ill. 132; Swanson v. Miller, 130 Ill. App. 208.

There is evidence in the record from which the jury could find the vicious propensities of the dog, but slight, if any, evidence to show appellant's knowledge of it. Appellant specifically and flatly denies any knowledge on the subject. He testified he had never seen or known of the dog having frightened, bitten or pursued teams and horses when driven in the highway; and no witness in the case testified affirmatively that appellant had such knowledge of the propensities claimed.

We see nothing in appellant's evidence, beyond his natural interest in the event of the suit, that would ·tend to discredit him in any way, and the fact that appellee first used him as a witness, puts her in a bad position to argue that his testimony cannot be relied on. We think the verdict is against the weight of the evidence on that point.

The negligence complained of is that appellant kept a dog knowing his vicious propensities to frighten teams. The negligence was the act of keeping such a dog. Was that negligence the proximate cause of appellee's injuries? The rule, if there can be said to be a rule applicable to the facts in this case, is set forth at length in Seith v. Commonwealth Electric Co., 241 Ill. 252, as follows: "The rules for determining whether a negligent act or omission is the proximate cause of an injury are well established and have been applied by different courts in numerous cases to different conditions of fact. There has been practically no difference of opinion as to what' the rules are, and they may be briefly stated as follows: The negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which, in combination with it, causes the injury, or if it sets in motion a chain of circumstances and operates on them in a continuous sequence, unbroken by any new or independent cause. The question is not

determined by the existence or non-existence of intervening events, but by their character and the natural connection between the original act or omission and the injurious consequences. To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. * * * The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury, is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury."

One phase of the rule was stated in Chicago Hair & Bristle Co. v. Mueller, 203 Ill. 558, as follows: "If the negligent act and the injury are known, by common experience, to be usual in consequence, and the injury such as is liable, in the ordinary course of events, to follow the act of negligence, it is a question of fact for the jury whether the negligence was the proximate cause of the injury;" and there is a general review of the subject in Thompson on Negligence, chap. 5. In Braun v. Craven, 175 Ill. 401, the court

said: "The principle is, damages which are recoverable for negligence must be such as are the natural and reasonable results of defendant's acts, and the consequences must be such as, in the ordinary course of things, would flow from the acts and could be reasonably anticipated as a result thereof."

In Pollock on Torts, the author declares that the only rule tenable on principle, where the liability is founded solely on negligence, is contained in the statement, "that a person is expected to anticipate and guard against all reasonable consequences, but that he is not, by the Law of England, expected to anticipate and guard against that which no reasonable man would expect to occur." Webb's Pollock on Torts, p. 45. Judge Cooley states the rule as follows: "If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause injury followed, as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote." Cooley on Torts (3rd Ed.), 99. In Wharton on Negligence, sec. 134, is found the following question and answer: "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent, responsible human action."

Can it be said that appellant could have reasonably anticipated that a third person would come along the road driving a span of colts, sitting back on his wagon, driving them with his left hand, and leading behind him another team with his right hand, and that the team of colts would become frightened by the act of appellant's dog running down to the highway and

barking, thereby frightening the team of colts, and causing them to crash into another buggy being driven along the highway?

The act of negligence must be kept in mind, namely, that of keeping a dog, knowing his propensity to frighten teams passing along the road.

Albert Scott was in no way under the control of appellant, and if we are to believe anything from the evidence, it must be concluded by all reasonable men that Scott was negligent in the manner in which he drove his span of colts.

The proof that was admitted is sufficient to show this, and when, in connection with that, is taken into consideration the rejected evidence of what appellee must be held to, as admitted by herself, it is clear that she believed Scott was negligent.

An action was commenced in the City Court of Sterling by appellee against appellant and Albert Scott, and in that case a declaration was filed which alleged among other things that Scott was negligently and carelessly driving a young team of horses hitched to a wagon, and leading another team of horses hitched to another wagon, and that it was his duty to use due care and diligence in the management of his teams for the safety of other persons traveling upon and along the course of the public highway; yet, that said Scott did not regard his duty in that behalf, but on the contrary did carelessly and negligently drive and lead said teams. The present case was originally commenced against both appellant and said Scott, and the original declaration filed in this case alleged substantially the same thing in regard to the way in which Scott was driving and leading his teams. These declarations should have been admitted in evidence, and it was error to exclude them.

"The question as to how far statements made by a party to a suit, in pleadings filed in previous cases, are admissible in evidence, is one on which the authorities are conflicting, but the rule adopted in this State is

that they are admissible, and their weight is to be determined from all the facts and circumstances under which they were made." Gardner v. Meeker, 169 Ill. 40.

In Soaps v. Eichberg, 42 Ill. App. 375, it is said as follows: "We think the rule is, that the admissions of a party as to a fact, no matter how made, may be given in evidence against him. Bills in chancery and answers in chancery have uniformly been deemed admissible in evidence, and that, too, without regard to whether such pleading were sworn to or not. Robbins v. Butler, 24 Ill. 387; Daub v. Englebach, 109 Ill. 267. In the case last cited an unsworn answer which, like the declaration in the case at bar, had been withdrawn from the files by leave of court, was held to be competent evidence, and in relation to that it is there said: 'It is wholly immaterial whether the answer was sworn to or not and it does not matter that it was withdrawn from the files.' While at common law fictions are recognized in pleadings, and it was not required that pleadings should state the truth, yet the decided weight of authority is that common-law pleadings are admissible in evidence. Wharton on Evidence, sec. 838; Lyster v. Stickney, 4 McCrary C. C. 109; Gery v. Mannel, 89 N. C. 83; Peckham Iron Co. v. Harper, 41 Ohio St. 100; Boots v. Cannon, 94 Ind. 408. Much that has been said against the admissibility of this count in the declaration applies not so much to its competency but to its weight and value as evidence. If it was admissible it should have been submitted to the jury, who are the judge of its weight as evidence. If it tended to support the issue upon the part of plaintiff in error, he had the right to the benefit of it."

We find no error in giving or refusing instructions. The judgment is reversed and the cause remanded.

*Reversed and remanded.*