# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Law Offices of Colleen M. McLaughlin v. First Star Financial Corp.*,
**2011 IL App (1st) 101849**

---

| | |
|---|---|
| Appellate Court Caption | LAW OFFICES OF COLLEEN M. McLAUGHLIN, Plaintiff-Appellee, v. FIRST STAR FINANCIAL CORPORATION, DAMON DUMAS, and DAVID JOHNSON, Defendants-Appellants. |
| District & No. | First District, Fourth Division Docket No. 1-10-1849 |
| Filed | December 22, 2011 |
| Rehearing denied | February 28, 2012 |
| Held (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking attorney fees payable under a settlement agreement executed in connection with a discrimination case in which plaintiff represented the complainant, the trial court properly denied defendants' motion to dismiss based on a lack of standing and their motion for a directed finding, and judgment was properly entered for plaintiff, since the language of the settlement agreement was clear and plaintiff offered sufficient evidence on each element of the breach of contract action, but the cause was remanded with directions to correct the order to reflect that the payment be made to plaintiff and its client jointly, in compliance with the terms of the settlement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-M1-177349; the Hon. Anthony L. Burrell, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |

Counsel on
Appeal

William D. Kelly, of Kelly & Karras, of Oak Brook, for appellants.

No brief filed for appellee.

Panel

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Sterba concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, the Law Offices of Colleen M. McLaughlin, filed the instant suit seeking payment of its attorney fees under a settlement agreement reached between it, its client Alexandria Kondenar, and defendants, First Star Financial Corp., David Johnson, and Damon Dumas. Defendants were to pay plaintiff in two installments under the settlement, each in the amount of $12,500. Defendants paid the first installment in full. However, defendants only paid $6,000 for the second installment. Plaintiff filed a small claims complaint for breach of contract to collect the remaining $6,500, attaching a copy of the settlement agreement to the complaint. The circuit court denied defendants' motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)) based on lack of standing, denied defendants' motion for directed finding, and after trial of the matter, entered judgment in favor of plaintiff. During the trial, the court admitted the copy of the settlement agreement into evidence. On appeal, defendants argue: (1) the court erred in denying their section 2-619 motion; (2) the court should not have admitted the copy of the settlement agreement into evidence under the best evidence rule; (3) the court's denial of defendants' motion for a directed finding was against the manifest weight of the evidence; and (4) the entry of judgment in favor of plaintiff was against the manifest weight of the evidence.

¶ 2    We affirm the court's denial of defendants' motions and its judgment. We hold the following: (1) a review of the plain language of the settlement agreement attached to the complaint reveals the plaintiff was a party to the settlement agreement and, therefore, had standing to maintain the action; (2) admission of the copy of the settlement agreement into evidence was proper under our common law evidentiary rules and pursuant to section 2-606 of the Illinois Code of Civil Procedure (735 ILCS 5/2-606 (West 2008)) and Illinois Supreme Court Rule 286(b) (eff. Aug. 1, 1992); (3) the court's denial of defendants' motion for a directed finding was not against the manifest weight of the evidence where plaintiff presented sufficient proof of all the necessary elements for breach of contract; and (4) entry of judgment in favor of plaintiff was not against the manifest weight of the evidence where defendants did not present any evidence to contradict the clear language of the settlement agreement. However, because the settlement agreement specified that payment must be made

to both the law office and the client, we remand the matter to the circuit court with instructions to correct the order to reflect that payment be made to plaintiff and Kondenar jointly.

¶ 3                                            BACKGROUND

¶ 4     The following facts are from the record and the agreed report of proceedings. Pursuant to Illinois Supreme Court Rule 323 (Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)), defendants filed an agreed report of proceedings for the trial.

¶ 5     Plaintiff, the Law Offices of Colleen M. McLaughlin, represented Alexandria Kondenar in her discrimination suit against the defendants, First Star Financial Corp., David Johnson, and Damon Dumas. The parties came to an agreement and settled the case. First Star Financial Corp., Johnson, and Dumas executed the settlement agreement on February 18, 2008, and Kondenar and her attorney both executed the agreement on February 22, 2008.

¶ 6     Defendants were to pay plaintiff and Kondenar in two installments under the settlement, each in the amount of $12,500. Defendants only paid $6,000 for the second installment. Individual defendants Johnson and Dumas refused to make any further payment under the settlement agreement and plaintiff filed suit on September 16, 2009, attaching a copy of the settlement agreement to its verified complaint. Defendants initially did not answer the complaint and were defaulted, whereupon they moved to vacate the default. The court granted the motion and gave defendants leave to file a responsive pleading. Defendants subsequently moved to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2008)), arguing that plaintiff did not have standing to bring the action. According to defendants, the only proper plaintiff would be Kondenar, because she was the person entitled to receive payments under the settlement agreement. The trial court denied the motion and the matter proceeded to trial.

¶ 7     At the bench trial, plaintiff moved to admit the copy of the settlement agreement into evidence, and defendants objected based upon lack of foundation and the best evidence rule. Plaintiff responded that no witness was necessary to lay a foundation as the complaint was verified and the copy of the settlement agreement was attached to the complaint. The court overruled defendants' objections and entered the copy of the agreement into evidence. Plaintiff asked for a judgment of $6,500 in plaintiff's favor and for $1,900 in attorney fees and costs.

¶ 8     Defendants also moved for a directed finding in their favor, again based on the alleged lack of standing of plaintiff. Plaintiff argued that article I of the settlement agreement provided:

"This payment will be made payable to 'Alexandria Kondenar' *and* 'The Law Offices of Colleen M. McLaughlin' in two checks each in the amount of $12,500, the first on February 25, 2008 and the second on April 24, 2008." (Emphasis added.)

The court held that plaintiff had standing to sue under the agreement.

¶ 9     The individual defendants next argued that personal liability did not attach to them because the covenant for payment under article I and article IV of the settlement agreement

did not bind them but, rather, only First Star. Defendants argued that the term "First Star" was defined under the agreement as First Star Financial Corporation. Plaintiff argued that under the agreement, First Star, Johnson and Dumas were defined as "hereinafter collectively 'First Star' unless otherwise denoted." Thus, "First Star" referred to all three defendants. Defendants countered that the term "First Star" was ambiguous and, since the agreement was drafted by plaintiff, any ambiguity should be construed against plaintiff. Defendants also argued that plaintiff offered no extrinsic evidence to explain the intent of the parties regarding the meaning of the term. The court denied defendants' motion for directed finding.

¶ 10 Defendants argued in their case in chief that the proper plaintiff was not the Law Offices of Colleen M. McLaughlin but Alexandria Kondenar and that any attorney fee issues were between plaintiff and its client, Kondenar. Defendants argued that if judgment were entered against them, issues could arise regarding a double obligation to pay in the event Kondenar also filed suit. The court indicated that if it did enter judgment against the defendants and Kondenar filed a suit, it would not be sustained. The court entered judgment in favor of plaintiff and against all defendants jointly and severally, in the amount of $6,500 plus costs.

¶ 11 ANALYSIS

¶ 12 I. Denial of Defendants' Section 2-619 Motion
to Dismiss Based on Lack of Standing

¶ 13 Defendants first argue that the circuit court erred in denying its motion to dismiss pursuant to section 2-619 (735 ILCS 5/2-619 (West 2008)) based on lack of standing. According to defendants, plaintiff lacked standing to maintain this cause of action to recover money based on the settlement agreement because only First Star and Kondenar were parties to the agreement. Lack of standing is generally considered an affirmative defense and it may be raised in a motion to dismiss filed pursuant to section 2-619. *AIDA v. Time Warner Entertainment Co.*, 332 Ill. App. 3d 154, 158 (2002) (citing *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)). "In a section 2-619 proceeding, the defendant bears the burden of proving any affirmative defense it relies upon." *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004) (citing *Streams Condominium No. 3 Ass'n v. Bosgraf*, 219 Ill. App. 3d 1010, 1013 (1991)), *appeal denied*, 211 Ill. 2d 569 (2004).

¶ 14 Under section 2-619, a defendant admits to all well-pled facts in the complaint, as well as any reasonable inferences which may be drawn from those facts, but asks the court to conclude that there is no set of facts which would entitle the plaintiff to recover. *Advocate Health & Hospitals Corp.*, 348 Ill. App. 3d at 759. " 'Where standing is challenged by way of a motion to dismiss, a court must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that can reasonably be drawn in the plaintiff's favor.' " *Winnebago County Citizens for Controlled Growth v. County of Winnebago*, 383 Ill. App. 3d 735, 739 (2008) (quoting *International Union of Operating Engineers, Local 148 v. Illinois Department of Employment Security*, 215 Ill. 2d 37, 45 (2005)). A motion to dismiss will be granted only if the plaintiff can prove no set of facts that would support a cause of action. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997). A section 2-619 motion to dismiss and the issue of an affirmative defense of lack of standing both present questions

of law, and thus appellate review of section 2-619 motions based on lack of standing is *de novo*. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004).

¶ 15    "In Illinois, standing is established by simply demonstrating some injury to a legally cognizable interest." *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 745 (2009) (citing *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 419 (2005)). " 'The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit' " and " 'assures that issues are raised only by those parties with a real interest in the outcome of the controversy.' " *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010) (quoting *Glisson*, 188 Ill. 2d at 221). For an injury to a legally cognizable interest to give rise to standing, the claimed injury may be actual or threatened, and it must be: (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Fitch v. McDermott, Will & Emery, LLP*, 401 Ill. App. 3d 1006, 1028 (2010) (citing *Glisson*, 188 Ill. 2d at 221).

¶ 16    "Whether the plaintiff has standing to sue is to be determined from the allegations contained in the complaint." (Internal quotation marks omitted.) *Barber v. City of Springfield*, 406 Ill. App. 3d 1099, 1101 (2011) (quoting *Martini v. Netsch*, 272 Ill. App. 3d 693, 695 (1995)). However, a plaintiff need not allege facts establishing standing. *Wagner*, 391 Ill. App. 3d at 745 (citing *County of Winnebago*, 383 Ill. App. 3d at 739). A defendant has the burden to both plead and prove the plaintiff's lack of standing. *Burnette v. Stroger*, 389 Ill. App. 3d 321, 331 (2009) (citing *Chicago Teachers Union, Local 1 v. Board of Education*, 189 Ill. 2d 200, 206 (2000)). Thus, we must look to the allegations of the complaint to determine whether plaintiff had standing, and we must also determine whether defendants carried their burden in proving plaintiff lacked standing. Plaintiff alleges that it was a party to the attached settlement agreement and was entitled to direct payment of attorney fees pursuant to the agreement.

¶ 17    We note that while there is a plethora of authority concerning an attorney's standing to maintain a suit for attorney fees as a party in interest in marital dissolution proceedings, the issue of whether an attorney has standing as a party when he or she signs a settlement agreement between the parties for his or her fees has not been squarely addressed. See, *e.g.*, *Heiden v. Ottinger*, 245 Ill. App. 3d 612, 618-19 (1993), *appeal denied*, 152 Ill. 2d 559 (1993) (reciting the rule that an attorney has standing to maintain a claim for attorney fees in a dissolution action because he is a party in interest, but stating that the court need not decide whether, in the usual case, parties may settle the issue of responsibility for attorney fees when they settle their dispute). There is, however, long-standing authority that an agreement to pay the attorney fees is part of the consideration for the settlement and release of the client of his or her claim against the defendant. See *Sutton v. Chicago Rys. Co.*, 258 Ill. 551, 554 (1913) (holding that "[t]he agreement on the part of appellee to pay the fee of appellant was just as much a part of the consideration for the release by Speicher of his claim against appellee as the cash which was paid him").

¶ 18    Generally, for standing purposes only a party to a contract, or one in privity with a party, may sue on a contract. *Landau, Omahana & Kopka, Ltd. v. Franciscan Sisters Health Care Corp.*, 323 Ill. App. 3d 487, 493 (2001). We are guided by the fact that a settlement

agreement is a contract, and construction and enforcement of settlement agreements are governed by principles of contract law. *Hills of Palos Condominium Ass'n v. I-Del, Inc.*, 255 Ill. App. 3d 448, 476 (1993) (citing *Haisma v. Edgar*, 218 Ill. App. 3d 78, 87 (1991)). " 'The intent of the parties must be determined from the plain and ordinary meaning of the language of the contract, unless the contract is ambiguous.' " *Gibbs v. Top Gun Delivery & Moving Services, Inc.*, 399 Ill. App. 3d 765, 772 (2010) (quoting *Henderson v. Roadway Express*, 308 Ill. App. 3d 546, 548 (1999)). A settlement agreement is ambiguous if it is susceptible to more than one interpretation or if its terms are obscure in meaning through indefiniteness of expression. *In re Marriage of Lehr*, 217 Ill. App. 3d 929, 934-35 (1991). Contract language is not ambiguous solely because parties disagree as to its meaning. *In re Marriage of Lehr*, 217 Ill. App. 3d at 935. If there is no ambiguity in the language of a settlement, " 'the determination of the intent of the parties is governed by the contract language alone.' " *M.H. Detrick Co. v. Century Indemnity Co.*, 299 Ill. App. 3d 620, 623 (1998) (quoting *Haisma*, 218 Ill. App. 3d at 87).

¶ 19     Also, provisions in contracts for awards of attorney fees are an exception to the general rule that the unsuccessful party is not responsible for payment of such fees. *Abdul-Karim v. First Federal Savings & Loan Ass'n of Champaign*, 101 Ill. 2d 400, 411-12 (1984). Thus, "[w]e are required to strictly construe a contractual provision for attorney fees." *Bright Horizons Children's Centers, LLC v. Riverway Midwest II, LLC*, 403 Ill. App. 3d 234, 254-55 (2010) (citing *Bjork v. Draper*, 381 Ill. App. 3d 528, 544 (2008), citing *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737, 752 (1992)). "That is, we construe the fee-shifting provision 'to mean nothing more–but also nothing less–than the letter of the text.' " *Bright Horizons*, 403 Ill. App. 3d at 255 (quoting *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004)). We thus review the provisions of the settlement agreement.

¶ 20     The preamble to the settlement agreement states as follows:

"This Settlement Agreement and General Release (the 'Agreement') incorporates the terms of the oral agreement entered into between 'the Parties,' otherwise collectively known as Alexandria Kondenar, First Star Financial Corporation ('Firststar'), Damon Dumas, and David Johnson, herein on January 28, 2008, settling the federal court and state administrative agency claims, and any other claims arising or that could arise from the employment relationship between Alexandria Kondenar ('Kondenar' or 'Plaintiff') and Firststar, David Johnson, and Damon Dumas (hereinafter collectively 'Firststar' unless otherwise denoted), and this Agreement"

¶ 21     Article I of the settlement agreement provides as follows:

"I. PROMISES OF FIRSTSTAR

In return for Kondenar's promises set forth elsewhere in this Agreement, Firststar promises that it will provide Kondenar with the following consideration to which Kondenar would not otherwise be entitled:

1. Subject to the terms of this Agreement, Firststar will pay Kondenar Twenty Thousand five hundred and no/cents dollars ($25,000.00) in full and complete settlement of all of her actual and potential claims against Firststar, up to the date Kondenar signs

this Settlement Agreement and General Release. This payment will be made to 'Alexandria Kondenar' and 'The law Offices of Colleen M. McLaughlin' [*sic*] in two checks each in the amount of $12,500, the first on February 25, 2008 and the second on April 24, 2008."

This payment provision in article I does not denote any definition of "Firststar" other than the provision in the preamble which, as set forth above, provides that First Star Financial Corporation, David Johnson, and Damon Dumas are referred to collectively as "Firststar." Thus, the clear contract language specifies that First Star Financial Corporation, Johnson, and Dumas all would make payments to Kondenar and The Law Offices of Colleen M. McLaughlin.

¶ 22     Further, article V of the settlement agreement provides :

"V. COSTS AND ATTORNEY'S FEES

The parties acknowledge and agree that the payments described in Article I above include all costs and attorney's fees that Plaintiff may have incurred in connection with the Complaints, the Pending Lawsuit, and any other matter or claim between each of her and Firststar, its officers, agents or employees, and Dave Johnson and Damon Dumas, arising out of Kondenar's term of employment with Firststar, up to the date this Agreement is executed by the Parties. Accordingly, Kondenar waives any claim that she may have against Firststar for attorney's fees and costs incurred in connection with the Pending Lawsuit, and for any other matter between each of her, and Firststar, its officers, directors, agents or employees, arising out of Kondenar's term of employment with Firststar, up to the date this Agreement is executed by the Parties."

The release language in Article I of the agreement states:

"[B]y her signature below, Kondenar's counsel hereby releases Firststar, its officers, directors, agents, successors and assigns from any and all claims, demands, liens, damages, grievances, costs, on account of fees, costs or expenses as attorney for Kondenar in this matter."

¶ 23     Paragraph V of the agreement provides:

"The Parties agree that any breach of any of the promises, acknowledgements, agreements and representations set forth in this Agreement will cause irreparable harm. Accordingly, the Parties agree that in the event Kondenar, Firststar collectively, and/or Dumas or Johnson, individually, breaches any of the acknowledgements, agreements or representations set forth above, the non-breaching party shall be entitled to recover damages and costs, including attorneys' fees and appropriate injunctive relief as a Court of Law of competent jurisdiction deems appropriate. Enforcement actions shall be brought in Cook County, Illinois."

¶ 24     We find nothing obscure or ambiguous in the provisions of the settlement agreement. The agreement clearly provides for separate payments of attorney fees to The Law Offices of Colleen M. McLaughlin as part of the settlement. The signature on behalf of The Law Offices of Colleen M. McLaughlin indicates that the law office itself was a party to the agreement, as the signature was not on behalf of the client but rather on its own behalf. *Cf. Chiappetti v. Knapp*, 20 Ill. App. 3d 538, 541-42 (1974) (holding that where attorney signed

court decree fixing attorney fees as part of settlement as " 'Attorneys for Defendant,' " the legend under signature established that attorney approved contents only in his capacity as attorney for client and not individually).

¶ 25    Also, contrary to defendants' assertion that the obligation to pay the attorney fees was owed only by First Star Financial Corp., the agreement clearly provides that reference to "Firststar" included all defendants–First Star Financial Corp., Damon Dumas, and David Johnson. Under the clear terms of the settlement agreement, defendants First Star Financial Corp., Dumas and Johnson are all liable to pay The Law Offices of Colleen M. McLaughlin the attorney fees.

¶ 26    Thus, The Law Offices of Colleen M. McLaughlin was a proper party to the agreement and had standing to maintain this cause of action against all defendants. Defendants did not carry their burden in proving that plaintiff lacked standing. We determine the trial court properly denied defendants' motion to dismiss.

¶ 27                    II. Admission of Photocopy of Settlement Agreement

¶ 28    Defendants also argue that the trial court erred in allowing into evidence a photocopy of the settlement agreement that was attached to plaintiff's complaint. The decision to admit or exclude evidence rests within the sound discretion of the trial court, and that decision will not be disturbed in the absence of an abuse of that discretion. *City of Chicago v. St. John's United Church of Christ*, 404 Ill. App. 3d 505, 518-19 (2010) (citing *Wilbourn v. Cavalenes*, 398 Ill. App. 3d 837, 847 (2010)). An abuse of discretion occurs in the admission of evidence when no reasonable person would take the view adopted by the trial court. *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 456 (2009) (citing *Bauer v. Memorial Hospital*, 377 Ill. App. 3d 895, 912 (2007)).

¶ 29    Defendants maintain that there was no foundation for the introduction of the copy of the agreement into evidence and that the copy should not have been admitted under the best evidence rule. Under the best evidence rule, "[i]n order to lay a foundation for the admission of a copy of an original writing, the proponent must prove the prior existence of the original, its loss, destruction, or unavailability, the authenticity of the substitute, and the proponent's own diligence in attempting to procure the original. [Citations.]" *Rybak v. Provenzale*, 181 Ill. App. 3d 884, 890 (1989).

¶ 30    However, this court long ago adopted the Federal Rule of Evidence on the issue (Fed. R. Evid. 1003) and held that "a duplicate of a document should be admissible in Illinois to the same extent as an original unless a genuine issue is raised as to the authenticity of the original or unless it would be unfair to admit the duplicate as an original under the circumstances present in the case where the document was offered into evidence." *People v. Bowman*, 95 Ill. App. 3d 1137, 1143 (1981). In *Bowman*, we stated our recognition "that the accuracy of a duplicate resulting from the reproduction of the contents of an original is in most cases no longer a significant issue." *Bowman,* 95 Ill. App. 3d at 1143. We note also that this rule as set forth in *Bowman* was recently codified in the Illinois Rules of Evidence. See Ill. R. Evid. 1003 (eff. Jan. 1, 2011) ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in

the circumstances it would be unfair to admit the duplicate in *lieu* of the original." (Emphasis added.)).[1] Although there are very few citations to *Bowman* in subsequent authority, the rule is part of our common law evidentiary rules, which applied at the time of trial in this case.

¶ 31     Under the evidentiary rule on duplicates as adopted in *Bowman*, the admission of the photocopy of the settlement agreement in this case was proper. Here, defendants raised no issue as to the authenticity of the original settlement agreement, either below or on appeal. They do not claim that the photocopy was not an accurate duplicate of the original agreement, and they make no argument that the content and terms of the the original settlement agreement are at issue. See *Indian Valley Golf Club, Inc. v. Village of Long Grove*, 173 Ill. App. 3d 909, 920 (1988) (rejecting the defendant's best evidence objection where the defendant raised no issue as to the authenticity of the original deeds in the case other than objecting on a purely technical basis). Also, defendants fail to make a showing that admission of the copy of the settlement agreement was unfair. Thus, under our common law evidentiary rules, the admission of the copy of the settlement agreement was proper.

¶ 32     The admission of the copy of the agreement was also proper pursuant to section 2-606 of the Illinois Code of Civil Procedure (735 ILCS 5/2-606 (West 2008)). Under section 2-606, plaintiffs are statutorily required to attach to their complaint the written instruments upon which their claim is based, and courts treat such exhibits as part of the complaint itself. 735 ILCS 5/2-606 (West 2008); *Gore v. Indiana Insurance Co.*, 376 Ill. App. 3d 282, 288 (2007). Prior to the recent adoption of the codified evidentiary rules, our rules of evidence generally derived from the common law, except where our legislature created statutory rules of evidence. *People v. Freeman*, 404 Ill. App. 3d 978, 985 (2010). Section 2-606, formerly section 34 of the Civil Practice Act, "establish[ed] a rule of evidence, and dispens[ed] with proof of the execution of a written instrument declared upon unless the execution [was] denied by a verified plea." *Gould v. Magnolia Metal Co.*, 207 Ill. 172, 175 (1904). Section 2-606 generally applies to instruments being sued upon, such as contracts or agreements. *Garrison v. Choh*, 308 Ill. App. 3d 48, 53 (1999). Here, plaintiff sued for breach of contract based on the settlement agreement. As required, plaintiff attached a copy of the agreement to the complaint. Under section 2-606, "the exhibit constitutes a part of the pleading for *all* purposes." (Emphasis added.) 735 ILCS 5/2-606 (West 2008).

¶ 33     A written instrument attached to a pleading as an exhibit constitutes part of the pleading for all purposes. *Payne v. Mill Race Inn*, 152 Ill. App. 3d 269, 274-75 (1987); *Wysocki v. Bedrosian*, 124 Ill. App. 3d 158, 162 (1984). Under section 2-606, exhibits attached to the complaint become part of the pleading and are not even required to be introduced into evidence to be considered. See *William Aupperle & Sons, Inc. v. American National Bank & Trust Co. of Chicago*, 28 Ill. App. 3d 573, 576 (1975) (holding that the lien waivers attached to the defendants' pleadings as an exhibit in an action to foreclose mechanics' lien constituted part of pleading for all purposes and were not required to be introduced in evidence in order to be considered); *Lipschultz v. So-Jess Management Corp.*, 89 Ill. App.

---

[1]We note also that our newly codified rules of evidence "apply to small claims actions, subject to the application of Supreme Court Rule 286(b)." Ill. R. Evid. 1101(c) (eff. Jan. 1, 2011).

2d 192, 199-200 (1967) (holding that where a copy of a lease was attached to the lessor's complaint, it constituted part of the pleading for all purposes, and no offer or proof of the lease was necessary). Although there is a dearth of recent authority restating this, we note that common law pleadings are admissible in evidence. *Allen v. United States Fidelity & Guaranty Co.*, 269 Ill. 234, 241 (1915); *People ex rel. Nelson v. Central Manufacturing District Bank*, 306 Ill. App. 15, 30 (1940) (citing *Soaps v. Eichberg*, 42 Ill. App. 375 (1891)); *Mabrey v. Haverstick*, 175 Ill. App. 309, 315 (1912)).

¶ 34    Here the cause of action is based entirely on the settlement agreement, and the copy of the settlement agreement was attached to the complaint. Thus, section 2-606 applies and admission of the copy of the settlement agreement was proper.

¶ 35    In addition, defendants ignore the fact that the case *sub judice* was a small claims action, where the rules of evidence are relaxed pursuant to our supreme court rules. A small claims action is defined as an action seeking damages of less than $10,000. See Ill. S. Ct. R. 281 (eff. Jan. 1, 2006). Supreme Court Rule 286(b) provides that small claims actions may be decided by way of an informal hearing. Ill. S. Ct. R. 286(b) (eff. Aug. 1, 1992). Supreme Court Rule 286(b) further provides that the rules of evidence are relaxed in small claims proceedings in the following manner:

"At the informal hearing all relevant evidence shall be admissible and the court may relax the rules of procedure and the rules of evidence. The court may call any person present at the hearing to testify and may conduct or participate in direct and cross-examination of any witness or party." Ill. S. Ct. R. 286(b) (eff. Aug. 1, 1992).

¶ 36    Thus, in addition to determining that the admission of the copy of the settlement agreement was not an abuse of discretion pursuant to our common law rules of evidence and section 2-606 of the Illinois Code of Civil Procedure, we also hold that because this was a small claims action, the admission of the copy of the settlement agreement was not an abuse of discretion pursuant to Rule 286(b).

¶ 37    Because the admission of the copy of the settlement agreement was in accordance with our common law, Code of Civil Procedure and our supreme court rules, we determine that defendants' evidentiary argument based on foundation and the best evidence rule has no basis. Our long-standing evidentiary rule as adopted in *Bowman* allows the admission of duplicates of documents unless (1) there is an issue as to the authenticity of the original or (2) its admission would be unfair, and neither circumstance was shown here. Also, pursuant to section 2-606 of the Code, because the copy of the settlement agreement was attached to the complaint and the action is based on the agreement, the agreement is considered part of the complaint and there are no further foundational or evidentiary requirements for its admission into evidence as part of the pleadings. We further hold that because this was a small claims action, the admission of the complaint was not an abuse of discretion pursuant to Rule 286(b) because the rules of evidence are relaxed in such cases. For all three reasons, we hold that the trial court's admission and consideration of the copy of the settlement agreement was not an abuse of discretion.

¶ 38                 III. Denial of Defendants' Motion for a Directed Finding

¶ 39      In all cases tried without a jury the defendant may move for a directed finding or judgment in his or her favor at the close of the plaintiff's case. 735 ILCS 5/2-1110 (West 2008). In ruling on a motion for directed finding, a court must engage in a two-step analysis: (1) the court must determine as a matter of law whether the plaintiff has presented a *prima facie* case–"[t]hat is to say, did the plaintiff present some evidence on every element essential to the cause of action?"; and (2) if the plaintiff has presented some evidence on each element, the court then must consider and weigh the totality of the evidence presented, including evidence which is favorable to the defendant. *527 S. Clinton, LLC v. Westloop Equities, LLC*, 403 Ill. App. 3d 42, 52 (2010). In a bench trial, the trial court sits as the trier of fact, hearing the witnesses and reviewing the direct presentation of the evidence, and it therefore is in the best position to make credibility determinations and factual findings. *Prignano v. Prignano*, 405 Ill. App. 3d 801, 810 (2010) (citing *In re Marriage of Matchen*, 372 Ill. App. 3d 937, 946 (2007)). "After weighing all the evidence, the court should determine, applying the standard of proof required for the underlying cause, whether sufficient evidence remains to establish the plaintiff's *prima facie* case." *527 S. Clinton, LLC*, 403 Ill. App. 3d at 52 (citing *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 276 (2003)). "[I]f sufficient evidence necessary to establish the plaintiff's *prima facie* case remains following the weighing process, the court should deny the defendant's motion and proceed as if the motion had not been made." (Internal quotation marks omitted.) *Barnes v. Michalski*, 399 Ill. App. 3d 254, 263 (2010) (quoting *Kokinis v. Kotrich*, 81 Ill. 2d 151, 155 (1980)). The decision of the trial court in a nonjury case on defendant's motion for judgment should not be reversed unless it is contrary to the manifest weight of the evidence. *Cryns*, 203 Ill. 2d at 276, *cert. denied*, *Cryns v. Illinois ex rel. Hewson*, 540 U.S. 818 (2003).

¶ 40      For purposes of ruling on a defendant's motion for finding or judgment in his or her favor in a nonjury case, "[a] plaintiff establishes a *prima facie* case by proffering at least 'some evidence on every element essential to [the plaintiff's underlying] cause of action.' " *Cryns*, 203 Ill. 2d at 275 (quoting *Kokinis v. Kotrich*, 81 Ill. 2d 151, 154 (1980)). Generally, in ruling on a section 2-1110 motion, evidence examined under the second prong must prove the plaintiff's case by a preponderance of the evidence. *Baker v. Jewel Food Stores, Inc.*, 355 Ill. App. 3d 62, 68 (2005). To succeed on a claim for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract, (2) the performance of its conditions by the plaintiff, (3) a breach by the defendant, and (4) damages as a result of the breach. *Roberts v. Adkins*, 397 Ill. App. 3d 858, 866-67 (2010) (citing *Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill. App. 3d 1006, 1014 (2007)).

¶ 41      Here, denial of defendants' motion for directed finding was proper because plaintiff established a *prima facie* case and the evidence was also sufficient to meet the burden of proof of preponderance of the evidence on all the elements necessary for a breach of contract action. First, plaintiff presented the settlement agreement, which showed the existence of a contract. Second, plaintiff showed that under the agreement plaintiff and plaintiff's client dismissed the underlying litigation against defendants. Third, the evidence was undisputed that defendants paid only $6,000 of the $12,500 owed under the second installment payment for attorney fees and did not pay plaintiff the full amount of legal fees and that they therefore

were in breach of the agreement. And fourth, plaintiff presented sufficient evidence that plaintiff's damages included the remaining $6,500 owed for the second installment under the settlement agreement, as well as costs. The determination of the circuit court to deny defendants' motion for directed finding was not against the manifest weight of the evidence.

¶ 42                    IV. Entry of Judgment in Favor of Plaintiff.

¶ 43    Defendants also argue that the entry of judgment in favor of plaintiff by the circuit court was against the manifest weight of the evidence. "In Illinois, the law is well established that the trial judge, sitting without a jury, has the obligation of weighing the evidence and making findings of fact." (Internal quotation marks omitted.) *Dobbs v. Wiggins*, 401 Ill. App. 3d 367, 375 (2010) (quoting *Chicago Investment Corp. v. Dolins*, 107 Ill. 2d 120, 124 (1985)). The standard of review in a bench trial is also whether the court's judgment is contrary to the manifest weight of the evidence. See *Bazydlo v. Volant*, 164 Ill. 2d 207, 215 (1995); *First Baptist Church of Lombard v. Toll Highway Authority*, 301 Ill. App. 3d 533, 542 (1998). A judgment is against the manifest weight of the evidence "if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Best v. Best*, 223 Ill. 2d 342, 350 (2006) (citing *In re D.F.*, 201 Ill. 2d 476, 498 (2002)).

¶ 44    Defendants maintain that the judgment was against the manifest weight of the evidence "because there was virtually no evidence presented." However, defendants ignore the settlement agreement itself. As we discussed above, the settlement agreement terms are clear and unambiguous. Defendants presented no evidence to contradict the terms of the settlement agreement. Therefore, we hold that the judgment of the circuit court was not against the manifest weight of the evidence and affirm the judgment.

¶ 45    However, we find that the settlement agreement is also clear that the installment payments should "be made payable to 'Alexandria Kondenar' *and* 'The Law Offices of Colleen M. McLaughlin.' " (Emphasis added.) Here the circuit court entered judgment for the payment in favor of plaintiff only. The settlement agreement must be enforced as it is written. Thus, we remand the matter to the circuit court with instructions to correct the order to reflect that payment be made to plaintiff and Kondenar jointly.

¶ 46                              CONCLUSION

¶ 47    We hold that plaintiff, as a party to the settlement agreement, had standing to enforce the settlement agreement. We also hold that the admission of the copy of the settlement agreement attached to the complaint was proper under our common law evidentiary rules, section 2-606 of the Illinois Code of Civil Procedure (735 ILCS 5/2-606 (West 2008)), and Illinois Supreme Court Rule 286(b) (Ill. S. Ct. R. 286(b) (eff. Aug. 1, 1992)). We further hold that the court's denial of defendants' motion for a directed finding was not against the manifest weight of the evidence, as plaintiff offered sufficient evidence on each element of a breach of contract action. Lastly, we hold that the entry of judgment in favor of plaintiff was not against the manifest weight of the evidence where the language of the settlement agreement was clear. However, because the settlement agreement specified that payment

must be made to both the law office and the client, we remand the matter to the circuit court with instructions to correct the order to reflect that payment be made to plaintiff and Kondenar jointly.

¶ 48      Affirmed and remanded with directions.