NOTICE
Decision filed 10/30/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 170430-U

NO. 5-17-0430

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* COMMITMENT OF MICHAEL DAVIS | ) ) | Appeal from the Circuit Court of |
| (The People of the State of Illinois, | ) ) | Jackson County. |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | No. 10-MR-135 |
| Michael Davis, | ) ) | Honorable Ralph R. Bloodworth III, |
| Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held:* The trial court's denial of a petition for conditional discharge under the Sexually Violent Persons Commitment Act (725 ILCS 207/60(d) (West 2016)) was not against the manifest weight of the evidence.

¶ 2     The petitioner, Michael Davis, filed a petition in the circuit court of Jackson County seeking conditional release pursuant to section 60(d) of the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/60(d) (West 2016)). The trial court found that the State carried its burden of demonstrating that petitioner had not made sufficient progress to grant petitioner conditional release. Petitioner now appeals, arguing that the

1

trial court's finding that he remained a sexually violent person was against the manifest weight of the evidence. We affirm.

¶ 3                          BACKGROUND

¶ 4     In August 2010, the State filed a petition to have petitioner committed under the Act (725 ILCS 207/1 *et seq.* (West 2010)). Petitioner admitted the allegations in the petition and the circuit court found him to be a sexually violent person (SVP) as defined by the Act. The circuit court ordered him to be committed to the Department of Human Services (DHS) for secure care and treatment.

¶ 5     In February 2017, petitioner filed a petition for conditional release and motion for independent examination pursuant to section 60 of the Act. 725 ILCS 207/60(a) (West 2016). The State's evaluator and expert witness, Dr. David Suire, had conducted yearly reexaminations of petitioner and issued reports which were filed with the court concluding that he remained an SVP and did not qualify for conditional release. Dr. Suire reexamined petitioner in August 2017. On September 19, 2017, the State filed a notice of filing and attached a copy of the August 2017 psychological reevaluation report (report) prepared by Dr. Suire.

¶ 6     The circuit court conducted a hearing on the petition on October 17, 2017. The following evidence was adduced. Dr. Suire testified that he held a doctorate in psychology and had specialized training in dealing with sex offenders. The circuit court qualified him as an expert in sex offender evaluation and risk assessment. Dr. Suire testified that he evaluated the petitioner once each year, with the last assessment occurring in August 2017. He based his opinions on a review of the treatment plan,

2

progress notes, behavioral committee records, prior criminal cases, disciplinary history, an interview with petitioner, and the results of actuarial instruments.

¶ 7    Dr. Suire outlined petitioner's three prior convictions for sexual or sexually motivated offenses. These included a 1991 conviction for aggravated sexual assault in which he threatened to kill a woman at knifepoint if she did not have sex with him; a 2001 conviction for attempted criminal sexual assault for an incident in which he placed his hand on a woman's throat while trying to remove her clothes before she was able to break free; and a 2002 conviction for placing his penis in a woman's mouth while holding her at knifepoint.

¶ 8    Since his commitment, petitioner's sexually motivated behavior continued. Dr. Suire testified that the petitioner had repeatedly masturbated in front of nonconsenting female staff, threatened to rape a female nurse, and grabbed the hand of a female doctor and refused to let go. Based on this conduct, Dr. Suire diagnosed petitioner with "other specified paraphilic disorder, non-consenting women and exhibitionism." He opined that this disorder predisposed petitioner to engage in acts of sexual violence and persisted at the time of his interview with petitioner.

¶ 9    Dr. Suire diagnosed petitioner with four additional mental disorders: schizophrenia, alcohol use disorder, unspecified substance use disorder (cocaine), and antisocial personality disorder. Dr. Suire testified that these disorders increased petitioner's likelihood of acting on his paraphilic urges because they made him less able to accurately determine social cues and less able to control his behavior. Further, petitioner's substance abuse disorders concerned Dr. Suire, despite petitioner living drug-

3

free while being treated inpatient, because once released those substances would be readily available and the use of mind-altering drugs would decrease petitioner's ability to control his behavior.

¶ 10  Dr. Suire administered the "Static-99 Revised," which is an actuarial risk assessment instrument, and assessed petitioner's risk factors to determine if he was substantially probable to commit future acts of sexual violence if placed on conditional release. Petitioner scored an eight, which placed him in the highest risk category for reoffending. Dr. Suire noted aggravating factors, including: deviant arousal, substance abuse, personality disorder, poor impulse control, and family difficulty. Dr. Suire noted that petitioner had no protective factors that would reduce his risk of reoffending. He opined that it was substantially probable that petitioner would commit a future act of sexual violence.

¶ 11  Dr. Suire testified about petitioner's treatment progress, explaining that after determining that someone is still sexually violent, he then looks to see if they have made sufficient progress to be conditionally released. Petitioner was engaged in cognitive behavioral therapy at the Rushville treatment program, which was broken down into five phases, each phase building upon the progress from the last. The first phase is an assessment phase which consists of primarily psychological testing. The second phase involves petitioner identifying and taking responsibility for sexually violent behavior and developing interventions to prevent reoffending. The next two phases build on the development of interventions to prevent reoffending, and phase five involves transitioning back into the community. At the time of the hearing on the petition for

4

conditional release, petitioner was in phase two of the program. He was in the early stages of treatment and had not yet identified all his risk factors for reoffending. Petitioner had developed some interventions to manage his behavior; however, he could not apply them consistently. Petitioner had verbal and physical conflicts with peers in group therapy. These conflicts were attributed, in part, to petitioner's schizophrenia, which was not effectively controlled by his medication. Further, Dr. Suire testified that petitioner had an IQ of 79, indicating borderline intellectual functioning and some cognitive limitations.

¶ 12   Dr. Suire's opinion was that petitioner could not be safely managed or treated in the community at the time of the hearing and believed that petitioner had not made sufficient progress in treatment to be conditionally released. In his expert opinion, civil commitment for secure care remained the least restrictive setting for petitioner.

¶ 13   Petitioner testified on his own behalf. Petitioner stated that he had applied to advance to phase three of his treatment and was awaiting approval. He testified that he was not an alcoholic but was attending Alcoholics Anonymous meetings and was participating in treatment, church, and school. If released, petitioner said he would continue his treatment and receive support through his church and a county therapist. He also requested to be discharged to a state hospital where he believed he would receive better treatment.

¶ 14   In ruling on the petition, the trial court stated that it considered the nature and circumstances of the crimes leading to petitioner's SVP commitment, his past and present mental condition, and the available arrangements to ensure petitioner would participate in

5

necessary treatment if conditionally released. The court found that petitioner had not made sufficient progress to be conditionally released and remained an SVP. Accordingly, the trial court denied the petition.

¶ 15                                    ANALYSIS

¶ 16    On appeal, petitioner argues that the trial court erred in denying his petition for conditional release. The petitioner contends that the trial court's factual determination that he had "not made sufficient progress to be conditionally released" (725 ILCS 207/60(d) (West 2016)) is contrary to the manifest weight of the evidence. Specifically, he argues that the court improperly considered Dr. Suire's evaluation report and, without the report, the testimony at the hearing for conditional release did not meet the legal criteria for an order of continued commitment.

¶ 17    Under section 60(d) of the Act, the State must prove, by clear and convincing evidence, that the individual petitioning for conditional release is not entitled to that relief. 725 ILCS 207/60(d) (West 2016). "Clear and convincing evidence is defined as the quantum of proof that leaves no reasonable doubt in the mind of the fact finder as to the veracity of the proposition in question." *In re Gloria C.*, 401 Ill. App. 3d 271, 282 (2010). A trial court's determination under section 60(d) is disturbed on appeal only if it is contrary to the manifest weight of the evidence. *In re Commitment of Sandry*, 367 Ill. App. 3d 949, 978 (2006). A finding is against the manifest weight of the evidence if the opposite conclusion is clearly evident or if the trial court's conclusion is unreasonable, arbitrary, and not based on the evidence presented. *In re Commitment of Tunget*, 2018 IL

6

App (1st) 162555, ¶ 35. We conclude that the trial court's decision was not against the manifest weight of the evidence.

¶ 18    The Act defines an SVP as someone who has been convicted of a sexually violent offense and who is "dangerous" because he "suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f) (West 2016). As defined by the Act, a mental disorder is a "congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." *Id.* § 5(b). While proceedings brought under the Act are civil in nature (*id.* § 20), the State still must establish beyond a reasonable doubt that an individual is an SVP (*id.* § 35(d)(1)). Once the State does so, the respondent is committed to the custody of DHS for control, care, and treatment "until such time as the person is no longer a sexually violent person." *Id.* § 40(a); *In re Commitment of Rendon*, 2014 IL App (1st) 123090, ¶ 21.

¶ 19    In this case, petitioner was found to be an SVP and was committed in a secure setting where he received treatment for his mental disorders. Consistent with the Act, petitioner was thereafter reexamined yearly to determine whether he qualified for conditional release. Reexaminations are for the purpose of determining whether "(1) the person has made sufficient progress in treatment to be conditionally released and (2) the person's condition has so changed since the most recent periodic reexamination *** that he or she is no longer a sexually violent person." 725 ILCS 207/55(a) (West 2016).

¶ 20    Section 60 of the Act lays out the requirements underlying a petition for conditional release from commitment in a treatment facility. *Id.* § 60. Specifically,

7

section 60(c) provides that after a petition for conditional release is filed, the trial court or the petitioner may request a psychological examination, and a probable cause hearing is to follow. *Id.* § 60(c). The trial court is required to set a probable cause hearing as soon as practical after the examiners' reports are filed. *Id.* The probable cause hearing consists of a review of the examiners' reports and arguments on behalf of the parties. *Id.* If the court finds probable cause to believe the person has made sufficient progress in treatment to the point where he is no longer "substantially probable to engage in acts of sexual violence" if on conditional release, the court shall set a hearing on the issue. *Id.*

¶ 21 The trial court held a hearing on petitioner's petition for conditional release. The hearing was held pursuant to section 60(d) of the Act, which requires:

"(d) The court, without a jury, shall hear the petition as soon as practical after the reports of all examiners are filed with the court. The court shall grant the petition unless the State proves by clear and convincing evidence that the person has not made sufficient progress in treatment to the point where he or she is no longer substantially probable to engage in acts of sexual violence if on conditional release. In making a decision under this subsection, the court must consider the nature and circumstances of the behavior that was the basis of the allegation in the petition under paragraph (b)(1) of Section 15 of this Act, the person's mental history and present mental condition, and what arrangements are available to ensure that the person has access to and will participate in necessary treatment." *Id.* § 60(d).

8

¶ 22    Examination reports for petitioner were created by Dr. Suire each year and were filed with the court. The last report created by Dr. Suire contained the most up to date information about the petitioner and was filed on September 19, 2017, attached to the State's notice of filing prior to the hearing. The trial court, in its oral pronouncement at the hearing, stated, "I've heard from both yourself [referring to petitioner] and the doctor and the report of the doctor." This court interprets "the report" referred to by the trial court to mean the last report filed on September 19, 2017. The petitioner argues that the court improperly considered the examination report as it was not introduced into evidence as an exhibit and neither party requested that the trial court take judicial notice of the report. The petitioner's argument is essentially that the trial court, in reading the report, relied on evidence outside of the record in determining the State had met its burden of proof at the hearing.

¶ 23    A similar argument was considered in *In re Commitment of Rendon*, 2014 IL App (1st) 123090, where respondent argued in a hearing seeking to revoke an order of conditional release that the circuit court improperly relied on the mental health evaluation which was not introduced as an exhibit during the hearing. The appellate court observed that the Act explicitly provides "all evaluations conducted pursuant to this Act *** shall be admissible at all proceedings held pursuant to this Act." (Internal quotation marks omitted.) *Id.* ¶ 39; 725 ILCS 207/30(c) (West 2014). The *Rendon* court further noted that the trial court, "in determining whether conditional release is appropriate, *** is *required* to consider the respondent's mental disorder, mental history, and present mental condition, all of which necessarily requires a court to review and rely on the respondent's

9

mental health evaluations." (Emphasis in original.) *In re Commitment of Rendon*, 2014 IL App (1st) 123090, ¶ 39; see 725 ILCS 207/40(b)(2) (West 2014). Therefore, it is appropriate for both the trial court and this court to review respondent's mental health examination when considering whether revocation of conditional release is warranted.

¶ 24    In the present case, the examination report was attached to a pleading from the State and no objection followed from petitioner. Section 2-606 of the Illinois Code of Civil Procedure (735 ILCS 5/2-606 (West 2016)) provides that when a written instrument on which a claim or defense is founded is attached to a pleading as an exhibit, the exhibit "constitutes a part of the pleading for all purposes." The exhibit attached to the pleading need not be introduced into evidence to be considered. *Law Offices of Colleen M. McLaughlin v. First Star Financial Corp.*, 2011 IL App (1st) 101849, ¶ 33. The State attached the report to its pleading, and Dr. Suire referenced the most recent report during his testimony. Petitioner failed to object when the report was referenced multiple times by the State in its direct examination of Dr. Suire.

¶ 25    Furthermore, petitioner also cited the report during cross-examination of Dr. Suire. Trial counsel for petitioner cross-examined Dr. Suire about the results of the penile plethysmograph test by referencing the claim in the report that the results could not be validated. Later in the cross-examination, counsel for petitioner asked Dr. Suire if he was aware of petitioner's cognitive impairments when he created his report. Thus, petitioner not only failed to object to the implicit entry of the report into evidence, forfeiting the issue, but seems to have positively acquiesced in the alleged error. See *In re Commitment of Rendon*, 2014 IL App (1st) 123090, ¶ 39; *People v. Enoch*, 122 Ill. 2d 176, 186 (1988);

10

see also *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000) (a party cannot complain of an error to which he consented).

¶ 26   We now turn to the evidence before the trial court and evaluate whether the trial court's denial of the petition was against the manifest eight of the evidence. The trial court heard the testimony of Dr. Suire, the expert witness tendered by the State, and from petitioner, in addition to reviewing the report. The State's expert concluded that petitioner continued to be a sexually dangerous person and that it was more likely than not that he would reoffend in the future if not committed to his current placement, which was the least restrictive setting for his continued treatment.

¶ 27   Dr. Suire testified that petitioner had a qualifying offense under the Act and to the general details of the petitioner's three prior sexual offenses. The report included extensive details about the crimes to which petitioner pled guilty and the sexual nature of those offenses. These crimes included aggravated criminal sexual assault, unlawful restraint, and a second conviction for aggravated criminal sexual assault. Dr. Suire testified about petitioner's continuing disciplinary violations that were of a sexual nature or sexually motivated while committed, and those violations were outlined in detail in his report.

¶ 28   Petitioner's mental history was similarly covered in Dr. Suire's testimony and in detail in the psychological reevaluation report. Dr. Suire testified about petitioner's qualifying mental health diagnoses, and they are similarly outlined in the psychological reevaluation report. The doctor opined that the interaction of petitioner's diagnoses exacerbates his risk of reoffending by making him less capable of managing his

11

behaviors. Dr. Suire further testified about actuarial data, additional risk factors, and protective factors which all supported his opinion that it was more likely than not that petitioner would reoffend in the future if not confined.

¶ 29    To be conditionally released, an SVP must reach a certain point in treatment so that he can be safely managed in the community while still in the custody and control of DHS, and subject to the conditions set by the court and rules of DHS. *In re Commitment of Rendon*, 2014 IL App (1st) 123090, ¶ 25. Dr. Suire's opinion was that the petitioner had not made sufficient progress in treatment to be conditionally released and that he was in the least restrictive setting for his treatment.

¶ 30    In sum, the State presented unequivocal testimony, even without the addition of the psychological reevaluation report, that petitioner had not successfully addressed his sexual preoccupation or the core issues that predisposed him to offend. It was for the trial court to determine the weight to be given to Dr. Suire's testimony and the other evidence, and we find nothing in the record that would require us to substitute our judgment for that of the trial court. Therefore, we conclude that the trial court's findings, that petitioner remained an SVP and had not made sufficient progress to be conditionally released, were not against the manifest weight of the evidence.

¶ 31                                    CONCLUSION

¶ 32    For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

¶ 33    Affirmed.

12